```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


ALFONSO BOROM, SHIRLEY BOROM,    )
WILLIE CHEW, SHIRLEY CHEW,       )
STEPHEN GREER, BETTY GREER,      )
BISHOP HARVEY, JR., PHYLLIS      )
HARVEY, BERNARD HOWARD, YOLANDA  )
HOWARD, BENFORD KING, CHARLOTTE  )
KING, RALPH MAYS, SUQUITA MAYS,  )
ALICIA SMITH, ROGER SMITH,       )
JAMES WASHINGTON, JOAN           )
WASHINGTON, CYNTHIA JOHNSON,     )
ZACHARY JONES,                   )
                                 )
          Plaintiff              )
                                 )
     v.                          )  Case No. 2:07 CV 98
                                 )
TOWN OF MERRILLVILLE, an         )
Indiana municipal corporation;   )
STEPHEN BOWER; TIMOTHY A. BROWN  )
JOHN CHRISTOS; WAYNE FLAHARTY;   )
MABEL GEMEINHART; RICHARD        )
HARDAWAY; LANCE HUISH, KRULL     )
AND SON'S, INC.; MICHAEL KRULL;  )
ROBERT A. KRULL; MARK LUCAS,     )
MDR CONSTRUCTION; MICHAEL        )
O'DONNELL; TRIS A. MILES,        )
CATHERON PARAS, SHAWN PETTIT,    )
ROBINSON ENGINEERING, LTD; ROSS  )
INNSBROOK DEVELOPMENT            )
CORPORATION; JOSEPH SHUDICK;     )
BRUCE SPIRES; DREW STERLEY;      )
ANDREW SYLWESTROWICZ; TERRELL    )
TAYLOR; DAVID M. UZELAC; JOHN    )
E. WARMELINK; VERNE E. WASHBURN  )
JR.; RONALD WIDING; LARRY        )
LUEBCKE; UNKNOWN DEFENDANTS      )
A-Z,                             )
                                 )
          Defendants             )
```

OPINION AND ORDER

This matter is before the court on the Motion to Disqualify

Attorney Clement and Lucas Holcomb & Medrea filed by the plaintiffs on April 26, 2007 (DE 14); the Motion for Leave to Take Mahlon Plumb's Deposition Before Time Specified in Rule 26(d), Federal Rules of Civil Procedure filed by the plaintiffs on May 10, 2007 (DE 17); and the Motion to Disqualify Attorney Stracci and Cohen & Thiros filed by the plaintiffs on May 10, 2007 (DE 18). For the reasons set forth below, the motions are **DENIED**.

Background

In this action, 20 African-American residents of the Innsbrook subdivision in Merrillville, Indiana, have brought a six-count complaint against Town of Merrillville staff and officials, the developers of the Innsbrook subdivision, the engineering firm responsible for the design of the subdivision's storm water system, and home builders who own lots or have constructed homes in the subdivision.

The claims center upon unsuccessful efforts to remedy what the plaintiffs have characterized as a storm water system that does not conform to the Town's standards, and because of its defects, has caused significant flooding and damage to their homes. The plaintiffs have alleged that the storm water retention pond in the subdivision was negligently designed, breached the implied warranty of habitability, and created a nuisance. The plaintiffs also have brought claims under Indiana's Racketeer Influenced and Corrupt Organizations Act, alleging a pattern of violations of Indiana's official misconduct and public servant

conflict of interest laws[1].

The plaintiffs further have alleged that town officials failed to enforce applicable code provisions regarding the design of the storm water system, failed to take control of and remedy the defective storm water retention pond, and maliciously pursued a counterclaim against Benford King, one of the plaintiffs, in a related state court action. In that suit, King asserted that the storm water pond constituted a nuisance, and the Town of Merrillville asserted a counterclaim based upon a section of the town code that permits the town to seek reimbursement for maintenance expenses incurred regarding the pond.

In addition, the plaintiffs have claimed that defendant Stephen Bower, acting as Town Attorney for Merrillville, refused their requests to be placed on the agenda for a town meeting and misrepresented the ownership of the storm water pond. The plaintiffs have alleged that the failure to enforce code provisions, the state court counterclaim, and the exclusion from the town meeting agenda were motivated by race, in violation of the plaintiffs' Fourteenth Amendment rights. With the motions before the court, the plaintiffs seek to disqualify two of the attorneys who have entered appearances on behalf of defendants. The plaintiffs also seek leave to conduct an expedited deposition prior to the parties' compliance with Federal Rule of Civil Procedure 26(f).

---

[1]The heading at this section of the complaint mistakenly refers to Indiana Code ß35-24-2-6, a repealed section of the Indiana Code regarding the cultivation of marijuana.

<u>Discussion</u>

The plaintiffs seek to disqualify Attorney Paul Stracci, who has entered his appearance on behalf of numerous municipal defendants including the Town of Merrillville and members of its staff, the Town Council, and the Plan Commission. This motion is based on Stephen Bower's status as a member of Stracci's firm and prior representation provided by Paul Rossi, another firm member, to plaintiffs Alphonso and Shirley Borom. The plaintiffs also seek to disqualify Attorney James L. Clement, who entered his appearance on behalf of individuals associated with the subdivision developers and home builders, because a member of his firm, Mark Lucas, is a defendant and potential witness in this matter.

The local rules of this court state that the "Rules of Professional Conduct, as adopted by the Indiana Supreme Court, and the Standards for Professional Conduct, as adopted by the Seventh Circuit, shall provide standards of conduct for those practicing in this court." L.R. 83.5(f). A motion to disqualify should be viewed with caution and considered a drastic remedy. ***Owen v. Wangerin***, 985 F.2d 312, 317 (7th Cir. 1993). Rule 3.7 of the Indiana Rules of Professional Conduct, addressing the risk of a lawyer serving as a witness, states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services

4

>           rendered in the case; or
>
>     (3) disqualification of the lawyer
>     would work substantial hardship on
>     the client.
>
> (b)  A lawyer may act as advocate in a trial
>      in which another lawyer in the lawyer's
>      firm is likely to be called as a witness
>      unless precluded from doing so by Rule
>      1.7 or Rule 1.9.

The primary consideration under Rule 3.7 is whether the lawyer is a "necessary witness." *Knowledge A-Z, Inc. v. Sentry Insurance*, 857 N.E.2d 411, 418 (Ind. App. 2007). By its own terms, the rule does not extend automatically its proscription to members of a testifying attorney's firm. See *Harter v. University of Indianapolis*, 5 F.Supp.2d 657, 667 n.4 (S.D. Ind. 1998). Rather, the rule protects against the risk that an individual attorney's role as an advocate will be diminished by also serving as a witness. *Harter*, 5 F.Supp.2d at 663 (*quoting* *Gusman v. Unisys Corporation*, 986 F.2d 1146, 1148 (7th Cir. 1993). Commonly, courts find the rule's necessity requirement met when the attorney's testimony is "relevant, material, and unobtainable elsewhere." *Stewart v. Bank of America N.A.*, 203 F.R.D. 585, 586 (M.D. Ga. 2001); *Carta ex. rel. Estate of Carta v. Lumbermens Mutual Casualty Company*, 419 F.Supp.2d 23, 29,(D.Mass. 2006) (*quoting* *Merrill Lynch Business Financial Svcs., Inc. v. Nudell*, 239 F.Supp.2d 1170, 1173 (D.Colo. 2003); *Macheca Transport Co. v. Philadelphia Indemnity Insurance Company*, 463 F.3d 827, 833 (8th Cir. 2006)(*quoting* *State ex rel. Wallace v. Munton*, 989 S.W.2d 641, 646 (Mo. App. 1999)("[The rule] has been interpreted to mean

5

an attorney is a 'necessary witness' only if 'there are things to which he will be the only one available to testify.'"). The rule requires that the court weigh the client's interest in continued representation against the risk of prejudice to the opposing party. *Hutchinson v. Spanierman*, 190 F.3d 815, 828 (7th Cir. 1999).

The plain language of the rule regards testimony given during the course of a trial. *See* Rule of Professional Conduct 3.7, comments 3, 6. *See also* *Main Events Productions, LLC. v. Lacy*, 220 F.Supp. 353, 356 (D. N.J. 2002) (collecting cases regarding similar rules based on ABA model rules.). However, the likelihood that an attorney is a necessary witness does not require certain proof that the attorney will be a witness. *See* *Freeman v. Vicchiarelli*, 827 F.Supp 300, 303 (D.N.J. 1993); *Stewart*, 203 F.R.D. at 586. The party seeking disqualification of opposing counsel bears the burden of proving the relevancy and need for the attorney's testimony. *Estate of Carta*, 419 F.Supp.2d at 29; *Macheca Transport Company*, 463 F.3d at 833 ("Blanket allegations that an attorney's testimony is relevant to a party's claim is an insufficient basis upon which to discern whether the attorney will truly be a necessary witness in the sense that there are things to which he will be the only one available to testify.").

Attorney James L. Clement entered his appearance on behalf of numerous private defendants, including Mark Lucas. The plaintiffs allege that Lucas is the secretary of the defendant Ross

Innsbrook Development Corporation and also is a member of the same law firm as Clement. The plaintiffs provide no argument to support the conclusion that Lucas is a "necessary witness" and likely to testify at trial. Further, assuming that, as a defendant, Lucas is a necessary witness, the plaintiffs also provide no rationale to overcome Rule 3.7(b), which generally permits one lawyer to serve as an advocate during a trial in which an associated lawyer is a likely witness. In short, Lucas' testimony does not bar Clement's representation unless it can be shown to violate Rules 1.7 or 1.9, regarding past and current conflicts of interest. There is no indication that either rule is violated.

The plaintiffs next argue that Clement himself is a witness, stating that "Clement witnessed defendant Stephen Bower maliciously prosecute plaintiff Benford King." They also state that Clement "may have knowledge of other facts concerning the malicious prosecution of Benford King and the refusal of the Town to maintain the Innsbrook Pond." The plaintiffs have made no attempt to fit this speculation regarding Clement's knowledge of Bower's conduct into the structure of the rules. For instance, Clement and Bower are not associated with the same firm. Consequently, there is no application of the rule's imputation of conflicts between attorneys. *See* Indiana Rules of Professional Conduct 1.7, 1.9, and 1.10.  Rather, the plaintiffs offer only the assertion that Clement may have witnessed Bower's conduct. However, there is no indication that Clement was in any unique position from which to witness Bower's conduct. The plaintiffs point to nothing

7

concrete that suggests Clement actually witnessed Bower's conduct. Further, had they met this burden, there also is no indication that the information provided by Clement's testimony would be "relevant, material, not merely cumulative, and unobtainable elsewhere." *Macheca Transport Company*, 463, F.3d at 833. Accordingly, there is no basis on which to disqualify Clement.

In support of their bid to disqualify Stracci, the plaintiffs first note that Bower, a defendant who served as attorney for the Town of Merillville, is an associate of Stracci's at the firm of Cohen & Thiros. According to the plaintiffs, Bower will be a material witness, presumably at trial.

The plaintiffs again do not address whether the character of the testimony sought from Bower is "necessary" as understood by the rule. Assuming that it is, based on Bower's status as a defendant and the allegation that he spearheaded the defendants' RICO violations, Rule 3.7(b) prohibits Stracci from serving as a lawyer only if Bower's testimony would violate Rules 1.7 or 1.9. To the extent that the plaintiffs seek to disqualify Stracci because of the likelihood that his partner Bowers will testify at trial, they have not shown that Stracci's representation creates a conflict of interest in violation of these rules. Consequently, Rule 3.7(b) explicitly permits Stracci's continued representation of the municipal defendants.

The plaintiffs' second grounds for disqualifying Stracci is based upon prior representation provided by Paul Rossi, another Cohen & Thiros attorney, to the plaintiffs, Alphonso and Shirley

8

Borom. Regarding conflicts of interest based upon former representation, Rule of Professional Conduct 1.9(c) provides:

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Courts enforce the rule according to a three-step analysis that "first asks whether a substantial relationship exists between the subject matter of the prior and present representations." *Jones & Henry Engineers, Ltd. v. Town of Orland, Indiana*, 942 F.Supp. 1202, 1206 (N.D. Ind. 1996) (*citing* *LaSalle National Bank v. County of Lake*, 703 F.2d 252, 255-56 (7th Cir. 1983). This step is accomplished by first making a factual reconstruction of the prior representation, then asking whether confidential information would have been given in the course of that representation. *Jones & Henry*, 942 F.Supp. at 1206. Finally, the court must determine whether such information is relevant to the pending litigation. *Jones & Henry*, 942 F.Supp. at 1206. *See also* *Ramos v. Pabey*, 2005 WL 2240036 at *4 (N.D. Ind. Sept. 13, 2005).

If there is no substantial relationship between the present

9

and former representation, there is no possibility of a violation of Rule 1.9. If the matters are substantially related, a rebuttable presumption arises that the attorney possesses confidential information. Consequently, the second inquiry asks whether this presumption has been rebutted "clearly and effectively" with evidence that the attorney in the prior matter did not gain knowledge of confidential information. *Jones & Henry*, 942 F.Supp. at 1207.  Finally, the court asks if such information had been gained, whether it was provided to the attorney involved in the current litigation. *Jones & Henry*, 942 F.Supp. at 1207. *See also Exterior Systems Inc. v. Noble Composites Inc.,* 210 F.Supp.2d 1062, 1068 (N.D. Ind. 2002); *Ramos*, 2005 WL 2240036 at *5.

　　Paul Rossi, the Cohen & Thiros attorney whose prior representation of the Boroms is at issue, provided legal counsel to the Boroms for approximately 2.5 hours. The evidence shows that Rossi advised the Boroms regarding the construction of their home, including research on "home construction with/without signed contract." (Defendants' Response, Ex. 2) According to the defendants, when the Boroms entered into a contract with their builder, Wayne Flaharty, Rossi's counsel no longer was required.

　　There is no indication that confidential information was exchanged in the prior representation that is relevant to this matter. Rather, the plaintiffs' motion is based on the general connection between the construction of the Boroms' home, which presumably contemplated provisions for accommodating drainage, and the fact that the home later experienced drainage problems.

10

However, the plaintiffs' amended complaint contains allegations regarding the design, maintenance, and ownership of a retention pond, allegations that the plaintiffs' attempts to remedy the problems with the pond were thwarted because of their race, and the allegation that the municipal defendants have engaged in criminal misconduct and conflicts. These matters are not substantially related to advice regarding a contract governing the relationship between a potential homeowner and a builder.

In their second count, the plaintiffs seek recovery against some home builders for the builders' failure to reveal defects in the neighborhood's storm water drainage system. However, Flaharty is not named in this count, and there is no indication that, in the brief course of Rossi's work on behalf of the Boroms, any confidential information was exchanged. *See e.g.* Rules of Professional Conduct, 1.9 comment 2 ("The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of side in the matter in question."). Consequently, Rules 3.7 and 1.9 do not support the disqualification of Stracci.

Notwithstanding the fact that there is no claim implicating the relationship between the Boroms and Flaharty, the plaintiffs have presented no evidence that Rossi was involved in the negotiations that lead to the contract with Flaharty or was aware of the contents of the agreement. The plaintiffs have not pointed to anything that Rossi may have learned that, assuming the information would be provided to Stracci, would "materially advance" the

11

position of Stracci's clients.  *See e.g.* Rules of Professional Conduct, 1.9 comment 3 ("Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying.").

Finally, the plaintiffs seek leave of court to take the deposition of Mahlon Plumb, an engineer who purportedly has material information regarding the Innsbrook retention pond. Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Similarly, Federal Rule of Civil Procedure 30(a)(2)(C) provides that leave of court must precede a deposition taken before the time specified in Rule 26(d). A party seeking leave to conduct an expedited deposition has the burden of justifying this request. *See* **Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc**., 213 F.R.D. 418, 419 (D. Colo. 2003)("However, a party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."). *See also* 8 C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* §2046.1, p. 592 (2d ed. 1994)("Although the rules do not say so, it is implicit that some showing of good cause should be made to justify such an order.").

The singular support plaintiffs present in expediting Plumb's deposition is the fact that Plumb is in his eighties. There is no further evidence regarding his health, and the

plaintiffs have not addressed adequately the defendants' concern that there has been no indication of whether Plumb is intended as an expert witness. The defendants noted that Plumb apparently had been hired by one of the plaintiffs in a prior state court action, and there has been no opportunity to conduct written discovery regarding studies Plumb may have conducted. The plaintiffs responded that Plumb will be a fact witness, but they describe his testimony in terms that implicate expert testimony, making reference to calculations he has made and his conclusions regarding the capacity of the storm water system.

The plaintiffs also have presented no indication that this discovery dispute was subject to an attempt to resolve the issue according to Local Rule 37 prior to filing this motion. *See* L.R. 37.1(b)("With respect to every other motion concerning discovery, the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action."). Further, the court notes that this matter is set for its preliminary pre-trial conference on June 22, 2007. Accordingly, the parties were required to have met regarding the discovery plan in this case by the end of May. This timing and the existing need of the parties to confer on a discovery plan suggest that the request to conduct an expedited deposition is premature. Under these circumstances, the court finds no basis from which to order the expedited deposition of Plumb.

_____

For the foregoing reasons, the Motion to Disqualify Attorney Clement and Lucas Holcomb & Medrea filed by the plaintiffs on April 26, 2007 (DE 14); the Motion for Leave to Take Mahlon Plumb's Deposition Before Time Specified in Rule 26(d), Federal Rules of Civil Procedure filed by the plaintiffs on May 10, 2007 (DE 17); and the Motion to Disqualify Attorney Stracci and Cohen & Thiros filed by the plaintiffs on May 10, 2007 (DE 18) are **DENIED**.

ENTERED this 19th day of June, 2007

                                              s/ ANDREW P. RODOVICH
                                                United States Magistrate Judge