```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


ALFONSO BOROM, SHIRLEY BOROM,     )
WILLIE CHEW, SHIRLEY CHEW,        )
STEPHEN GREER, BETTY GREER,       )
BISHOP HARVEY, JR., PHYLLIS       )
HARVEY, BERNARD HOWARD, YOLANDA   )
HOWARD, BENFORD KING, CHARLOTTE   )
KING, RALPH MAYS, SUQUITA MAYS,   )
ALICIA SMITH, ROGER SMITH,        )
JAMES WASHINGTON, JOAN            )
WASHINGTON, CYNTHIA JOHNSON,      )
ZACHARY JONES,                    )
                                  )
          Plaintiff               )
                                  )
     v.                           )   Case No. 2:07 CV 98
                                  )
TOWN OF MERRILLVILLE, an          )
Indiana municipal corporation;    )
STEPHEN BOWER; TIMOTHY A. BROWN   )
JOHN CHRISTOS; WAYNE FLAHARTY;    )
MABEL GEMEINHART; RICHARD         )
HARDAWAY; LANCE HUISH, KRULL      )
AND SON'S, INC.; MICHAEL KRULL;   )
ROBERT A. KRULL; MARK LUCAS,      )
MDR CONSTRUCTION; MICHAEL         )
O'DONNELL; TRIS A. MILES,         )
CATHERON PARAS, SHAWN PETTIT,     )
ROBINSON ENGINEERING, LTD; ROSS   )
INNSBROOK DEVELOPMENT             )
CORPORATION; JOSEPH SHUDICK;      )
BRUCE SPIRES; DREW STERLEY;       )
ANDREW SYLWESTROWICZ; TERRELL     )
TAYLOR; DAVID M. UZELAC; JOHN     )
E. WARMELINK; VERNE E. WASHBURN   )
JR.; RONALD WIDING; LARRY         )
LUEBCKE; UNKNOWN DEFENDANTS       )
A-Z,                              )
                                  )
          Defendants              )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel the Town Defendants to Provide Complete Initial Disclosures Pursuant to Rule 26 and Request Appointment of Special Master filed by

the plaintiffs on October 3, 2007. For the reasons set forth below, this motion is **DENIED**.

## Background

The background to this cause of action was described in this court's order of June 19, 2007, and is repeated and added to here as necessary to resolve the current motion. The plaintiffs' claims center upon allegations that the storm water retention systems in the Innsbrook subdivision were inadequately designed, constructed, and maintained. The plaintiffs allege that various Town officials and board members failed to take responsibility for the development's retention pond or to remedy these problems because of the plaintiffs' race.

In Count I, the plaintiffs seek an order directing the Town of Merrillville, the Innsbrook developers, and the home builder, O'Donnell Homes, LTD, to remedy the "mis design [sic], disrepair, inadequate maintenance and unhealthful conditions" of the pond. (First Amended Complaint, p. 21) The second count charges the developer and builders with breach of the implied warranty of habitability. The third count charges the engineers responsible for the design and construction of the storm water system with negligence. In the fourth count, the plaintiffs allege that several Town defendants, including the Town and Plan Commission attorneys and board members, violated the plaintiffs' equal protection rights by failing to remedy the drainage system, by refusing the plaintiffs' requests to address these issues at public meetings, by objecting to plaintiff Benford King's attempt

2

to dismiss a related state court action, and by pursuing "a court order to compel Mr. King to pay for maintenance of the retention pond." (Am. Cmplt. p. 28)

The plaintiffs recast these allegations in their fifth count as violations of the Indiana Racketeer Influenced and Corrupt Organizations Act and, in their sixth count, seek relief under the Indiana Civil Recovery for Crime Victims statute, alleging that the defendants' conduct constituted criminal mischief as described in Indiana Code 35-43-1-2.

Regarding defendant Stephen Bower, a private attorney who also served as the Town attorney for Merrillville, the plaintiffs allege that he "falsely asserted that the Innsbrook retention/detention pond was the real property of [the Innsbrook developers]," rather than acknowledge its ownership by Merrillville and the subsequent requirement that Merrillville maintain the pond. The plaintiffs further allege that Bower maliciously retaliated against the plaintiff, Benford King, when Bower pursued a counterclaim against him on behalf of Merrillville in a related state court action. The plaintiffs also accuse Bower of preventing the plaintiffs from appearing on the agenda of public meetings on the basis of their race.

The plaintiffs also name the Merrillville Plan Commission attorney, Catheron Paras, as a defendant, alleging that she failed to require the Innsbrook developers to gain proper approvals or adhere to Merrillville's standards in the design and construction of the storm water system.

3

In the course of discovery in this matter, Merrillville provided information regarding liability insurance policies maintained with Kemper, St. Paul/Travelers, and TIG Insurance. In addition to these policies, the plaintiffs sought disclosure of the legal malpractice policies maintained on behalf of Bower and Paras. The Town objected, prompting this motion.

## Discussion

A party is entitled to conduct discovery on any matter that is "relevant to the claim or defenses of any party." Federal Rule of Civil Procedure 26(b)(1). Under the federal rules, relevancy in discovery includes information that may not be admissible, provided that "discovery appears reasonably calculated to lead to discovery of admissible evidence."  Rule 26(b)(1); *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). Following amendments to Rule 26, narrowing relevance from that which is related to the "subject matter" of the case to matters related particularly to "claims or defenses," relevance remains broadly construed. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003)("The change, while meaningful, is not dramatic, and broad discovery remains the norm."). In addition, the federal rules explicitly require the initial disclosure of "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action." Rule 26(a)(1)(D). The purpose of the disclosure is "to enable counsel for both sides to make the same realistic appraisal of

4

the case, so that settlement and litigation strategy are based on knowledge and not speculation." Rule 26 cmt. (1970). *See* *In re Anicom, Inc. Securities Litigation*, No. 00 C 4391, 2002 WL 31496212 (N.D. Ill. Nov. 8, 2002); *Wegner v. Cliff Viesman, Inc*., 153 F.R.D. 154, 161 (N.D. Iowa 1994).

A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2) and (3). The court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc*., 95 F.3d 492, 496 (7th Cir. 1996); *Patterson v. Avery Dennison Corporation*, 281 F.3d 676, 681 (7th Cir. 2002) ("[T]he court should consider the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court.")(internal citations omitted).

Provided the information meets the standard of relevancy described in the federal rules, the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002). Discovery, however, is not limitless, "and these limits become

5

more formidable as the showing of need decreases." **Rubin v. Islamic Republic of Iran**, 349 F.Supp.2d. 1108, 1111 (N.D. Ill. 2004)(*quoting* **Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130**, 657 F.2d 890, 904 (7th Cir. 1981).

Merrillville objected to the request to inspect and copy the malpractice policies of Bower and Paras as irrelevant, noting there is no assertion of a malpractice claim against either attorney.  In Indiana, a claim of legal malpractice must show "(1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of the duty); and (3) that such negligence was the proximate cause of (4) damage to the plaintiff." **Van Kirk v. Miller**, 869 N.E.2d 534, 540-41 (Ind. App. 2007) (trans. denied). *See also* **Sleweon v. Burke, Murphy, Constanza & Cuppy**, 712 N.E.2d 517, 520 (Ind. App. 1999).

The plaintiffs offer little to support the request for these policies. In their motion, the plaintiffs state only that "there is a likelihood that professional negligence insurance exists for the actions of defendants Paras and Bower." In their reply, the plaintiffs neglect the complete language of Rule 26, noting with emphasis that it regards inspection and copying of insurance agreement under which a defendant *may* be liable. However, the rule goes on and clearly refers only to a judgment which may be entered *in the action* (emphasis added). The plaintiffs correctly state that "the question before this court is whether Attorneys Bower and Paras [sic] malpractice insurance may satisfy the

6

judgment against them." However, the plaintiffs fail to address the fact that no malpractice claim is asserted in this action.

The plaintiffs address the first element of a legal malpractice cause of action, arguing that "privity" is not required between these attorneys and the plaintiffs.  However, the plaintiffs' only assertion of an attorney-client relationship - a necessity in a malpractice claim, notwithstanding privity - arises because "as taxpayers, plaintiffs employed attorney Bower and Paras."  This broad suggestion, that Bowers and Paras maintained an attorney-client relationship with every resident in Merrillville by virtue of nothing more than their status as taxpayers, warrants little further discussion. *See **Matter of Anonymous***, 655 N.E.2d 67, 70 (Ind. 1995)("Such a relationship exists only after both attorney and client have consented to its formation."). Because no claim of malpractice is asserted in this matter, the defendants are not required by Rule 26 to disclose the contents of Bowers' or Paras' malpractice insurance policies.

The plaintiffs also move the court to appoint a special master to oversee discovery in this matter. Federal Rule of Civil Procedure 53(a)(1)(C) provides that the court may appoint a master to "address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district." The rule begins with a presumption against the appointment of special masters. *See* Federal Rule 53, cmt. 2003 ("A pretrial master should be appointed only when the need is clear."); ***Williams v. Lane***, 851

7

F.2d 867, 884 (7th Cir. 1988) ("We fully acknowledge that the appointment of a special master is the exception and not the rule and that there must be a showing that some exceptional condition requires such an appointment.") (internal quotations omitted). The Supreme Court has made clear that routine considerations, such as the general complexity of the litigation, the projected length of trial, and the congestion of the court's calendar, do not constitute exceptional circumstances. *La Buy v. Howes Leather Company*, 352 U.S. 249, 259, 77 S.Ct. 309, 315, 1 L.Ed.2d 290 (1957).

The plaintiffs argue that discovery in this matter should be referred to a master "in order to prevent this court from having to hear future discovery disputes." This rationale falls well short of the need to describe exceptional circumstances. In fact, the argument is contrary to the spirit of the federal rules. Rather than expend additional time and expense toward the resolution of discovery disputes, the federal rules, as well as this court's local rules, focus upon broad, open discovery of relevant information to eliminate such disputes and encourage their resolution by the parties without court involvement. *See e.g. Levy Indiana Slag Co. v. International Union of Operating Engineers*, Nos. 2:05 CV 344, 2:05 CV 349, 2006 WL 1765417 at *4 (N.D. Ind. June 22, 2006) ("It is not this court's responsibility to become a third party to discovery disputes between the litigants. More plainly, this court will not micro-mediate disputes on each and every interrogatory or request for production pro-

8

pounded by the defendant. Local Rule 37.1 and the Rules of Professional Conduct direct that counsel are to diligently and in good faith attempt to resolve their discovery disputes prior to seeking court intervention on the few remaining issues, if any.").

The plaintiffs support the request for a special master with the allegation that "the Town Defendants have demonstrated a history and willingness to disregard the discovery rules and it is likely that they will do so again." (Pltfs Mot. to Compel, ¶ 4) This is unique interpretation of the record in this case given that all previous discovery disputes have been resolved against the plaintiffs. *See* Opinion and Order, June 19, 2007 (DE 86).

The discouragement of court involvement in discovery disputes is further illustrated by the presumption that in every instance requiring court resolution, sanctions will be imposed. *See* Rule 37(a)(4). The predicted disputes on which the plaintiffs ground their request should be capable of resolution by the litigants. Certainly, on the basis of nothing more than the threat of future disputes, no special master is required in this matter. Further, in light of the rule's presumption, future resolution by the court of the litigants' discovery disputes will begin with the understanding that sanctions will be awarded.

_____

For the foregoing reasons, the Motion to Compel the Town Defendants to Provide Complete Initial Disclosures Pursuant to

9

Rule 26 and Request Appointment of Special Master filed by the plaintiffs on October 3, 2007, is **DENIED**.

ENTERED this 15th day of January, 2008

                                        s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge