```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


ALFONSO BOROM, SHIRLEY BOROM,    )
WILLIE CHEW, SHIRLEY CHEW,       )
STEPHEN GREER, BETTY GREER,      )
BISHOP HARVEY, JR., PHYLLIS      )
HARVEY, BERNARD HOWARD, YOLANDA  )
HOWARD, BENFORD KING, CHARLOTTE  )
KING, RALPH MAYS, SUQUITA MAYS,  )
ALICIA SMITH, ROGER SMITH,       )
JAMES WASHINGTON, JOAN           )
WASHINGTON, CYNTHIA JOHNSON,     )
ZACHARY JONES,                   )
                                 )
              Plaintiff          )
                                 )
         v.                      )   Case No. 2:07 CV 98
                                 )
TOWN OF MERRILLVILLE, an         )
Indiana municipal corporation;   )
STEPHEN BOWER; TIMOTHY A. BROWN  )
JOHN CHRISTOS; WAYNE FLAHARTY;   )
MABEL GEMEINHART; RICHARD        )
HARDAWAY; LANCE HUISH, KRULL     )
AND SON'S, INC.; MICHAEL KRULL;  )
ROBERT A. KRULL; MARK LUCAS,     )
MDR CONSTRUCTION; MICHAEL        )
O'DONNELL; TRIS A. MILES,        )
CATHERON PARAS, SHAWN PETTIT,    )
ROBINSON ENGINEERING, LTD; ROSS  )
INNSBROOK DEVELOPMENT            )
CORPORATION; JOSEPH SHUDICK;     )
BRUCE SPIRES; DREW STERLEY;      )
ANDREW SYLWESTROWICZ; TERRELL    )
TAYLOR; DAVID M. UZELAC; JOHN    )
E. WARMELINK; VERNE E. WASHBURN  )
JR.; RONALD WIDING; LARRY        )
LUEBCKE; UNKNOWN DEFENDANTS      )
A-Z,                             )
                                 )
              Defendants         )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel Mark

Lucas and Verne Washburn to Supplement Answers to Interrogatories and Response to Motion to Produce filed by the plaintiffs on November 30, 2007, and the Motion for Protective Order filed by the defendants, Lucas and Washburn, on December 13, 2007.  For the reasons set forth below, the Motion to Compel is **GRANTED IN PART** and **DENIED IN PART,** and the Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART.**

## Background

The background to this cause of action was described in this court's orders of June 19, 2007 and January 15, 2008, and is repeated and supplemented here as necessary to resolve the current motion.  The plaintiffs' claims center upon allegations that the storm water retention systems in the Innsbrook subdivision were inadequately designed, constructed, and maintained.  The plaintiffs alleged that various Town officials and Board members failed to take responsibility for the development's retention pond or to remedy these problems because of the plaintiffs' race.

Count I of the plaintiffs' complaint claims nuisance and seeks injunctive relief compelling the Town of Merrillville, the Innsbrook developers, and O'Donnell Homes, LTD, to remedy the retention pond.  Count II seeks damages and injunctive relief for breach of implied warranty of habitability.  Count III charges negligence for the design and construction of the water retention system.  Count IV asserts civil rights violations by the Town defendants, including the Town and Plan Commission attorneys and

Board members, because of their refusal to address the issues at public meetings, their efforts to dismiss a related state court action, and their efforts to compel one of the plaintiffs to pay for the maintenance of the retention pond. Count V recasts the previous allegations as violations of the Indiana Racketeer Influenced and Corrupt Organizations Act, while Count VI seeks relief under the Indiana Civil Recovery for Crime Victims statute, alleging criminal mischief on the part of the defendants.

The discovery disputes addressed here involve the interrogatories and requests for production served upon defendants Mark Lucas and Verne Washburn. Lucas is named as a defendant both individually for his personal enrichment in the Innsbrook development and as Secretary of Ross Innsbrook Development Corporation. Washburn also is named individually and as President of the Ross Innsbrook Development Corporation.

The motion to compel interrogatory responses from Lucas originally sought complete answers to Interrogatories 5, 16, 17, 20, and 23. Interrogatories 16 and 20 were answered in the defendants' December 4, 2007 letter to plaintiffs' counsel. (Defendants' Response, Exhibit A) Interrogatory 5 requested information from the law firm, Lucas, Holcomb & Medrea, of which Lucas is professionally affiliated, regarding work done through the firm for Washburn and/or Innsbrook. With Interrogatories 17 and 23, the plaintiffs sought the amount of income Lucas personally received from the Innsbrook development, the amount of profit made from the Innsbrook development, and the recipients of this

3

profit.  Interrogatories 5, 17, and 23 remained unanswered.

The motion to compel responses from Washburn sought complete answers to Interrogatories 15, 18-22, and 24.  Defendants' counsel satisfactorily provided answers to Interrogatories 15, 18, and 24 in the December 4, 2007, letter.  (Defendants' Response, Exhibit A)  In addition, the letter contained assurances that the missing documents requested by Interrogatory 18 would be located and provided to the plaintiffs.  As to Washburn, Interrogatories 19-22 concerning Washburn's financial information remained unanswered.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things."  Federal Rule of Civil Procedure 26(b)(1).  For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  ***Chavez v. DaimlerChrysler Corp.,*** 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting ***Oppenheimer Fund, Inc. v. Sanders,*** 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).  Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard.  ***Sanyo Laser Prods., Inc. v. Arista***

*Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003). *See Adams v. Target,* 2001 WL 987853 at *1 (S.D. Ind. 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). *See also Shapo v. Engle,* 2001 WL 629303 at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506 at *6 (N.D. Ill. Aug. 2, 2006) (internal quotations and citations omitted). Rather, the court's broad discretion in deciding such discovery matters should consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking

function in the particular case before the court." *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002) (*quoting Rowlin v. Alabama,* 200 F.R.D. 459, 461 (M.D. Ala. 2001)).

Interrogatory 5 directed to Lucas requested information pertaining to work performed by the law firm of Lucas, Holcomb, & Medrea for Washburn and/or Innsbrook.  However, the plaintiffs' allegations are directed at Lucas individually and in his capacity as a director of Innsbrook.  As such, his work as an attorney is not relevant, nor is any work that his law firm may have performed for Washburn and Innsbrook.  The plaintiffs point to no claims or defenses to which this information is relevant. Instead, the plaintiffs generally state that the complaint raises RICO violations and lists anonymous defendants A to Z. The plaintiffs' suggestion that the law firm may be one of these anonymous defendants is an insufficient basis to compel discovery.  *See Rubin v. Islamic Republic of Iran*, 349 F.Supp.2d 1108, 1111 (N.D. Ill. 2004)(*citing Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 904 (7th Cir. 1981)) ("[O]pen-ended fishing expeditions will not be tolerated. Discovery has limits and these limits grow more formidable as the showing of need decreases.").  Accordingly, the motion to compel a response to Interrogatory 5 to defendant Lucas is **DENIED.**

Interrogatory 20 asked whether Lucas had received any communications from the Town of Merrillville relating to the storm water drainage system.  Lucas answered by referring to his

6

Response to Plaintiffs' Request for Production in which he produced a copy of a letter he received from the Town attorney dated August 30, 2002. Defendants' counsel clarified in the December 4, 2007, letter that there were no other communications. The plaintiffs' Reply in Support of the Motion to Compel argued, citing *Scaife v. Boenne*, 191 F.R.D. 590 (N.D. Ind. 2000), that reference to a document as a response to an interrogatory is inappropriate. (*See* Plaintiffs' Reply, p. 2)  Plaintiffs' argument and analysis is misleading or perhaps misplaced. According to the plaintiffs, in *Scaife*, "[t]he court considered whether a party may refer a party to documents as a response to an interrogatory.  It held that a party may not." (Plaintiffs' Reply, p. 2)  The court in *Scaife* stated:

> It is well established that an answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given *without an elaborate comparison of answers*. (emphasis added)(internal quotations and citations and quotations omitted)
>
> *Scaife*, 191 F.R.D. at 594

However, the court continued, "*Equally important, the document referred to by [the defendant] does not answer the question posed.*" *Scaife*, 191 F.R.D. at 594 (emphasis added). The letter from the Town of Merrillville attorney fully and adequately answered the question posed by Interrogatory 20, and certainly did not require "elaborate comparison of answers" by the plain-

7

tiffs. Therefore, Interrogatory 20 directed to Lucas has been answered.

Interrogatories 17 and 23 for Lucas and Interrogatories 19-22 for Washburn all request financial information from the defendants. Due to the nature of the charges of the complaint, the information requested is relevant to the claims in the Amended Complaint. Defendants Lucas and Washburn have not attempted to demonstrate any specific difficulties such as time, expense, or other burden involved in fully answering the interrogatories and providing the requested documents. See *D'Onofrio v. SFX Sports Group, Inc.*, 247 F.R.D. 43, 52-53 (D.D.C.2008) ("Information pertaining to a defendant's financial condition is relevant to the issue of whether punitive damages should be awarded."); *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005); *Sonnino v. Univ. of Kansas Hospital Authority*, 220 F.R.D. 633, 654 (D. Kan. 2004); *United States v. Matusoff Rental Company*, 204 F.R.D. 396, 399 (S.D. Ohio 2001). Count VI of the plaintiffs' claim includes a claim seeking punitive damages from, among others, Lucas and Washburn. Accordingly, plaintiffs' motion to compel responses to Interrogatories 17 and 23 for Lucas and 19-22 for Washburn is **GRANTED.**

Federal Rule of Civil Procedure 26(c) states that a party may move the court for an order protecting it from oppression, undue burden, or expense if the party has in good faith conferred or attempted to confer with the other parties in an effort to resolve the discovery dispute without court action, and for good

8

cause shown.  Rule 26(c)(1).  The party seeking the protective order bears the burden of showing good cause by making a "particular and specific demonstration of fact, as distinguished from stereotyped or conclusory statements."  *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981); 8 C. Wright & A. Miller, *Federal Practice and Procedure* §2035, p. 265 (1970).  In determining whether good cause exists, the court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the non-moving party.  *Bond v. Utreras*, 2007 WL 2003085 at *2 (N.D. Ill. 2007)(*citing Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997)).  The trial court has broad latitude to determine whether a protective order is necessary and if so, the appropriate scope of the order.  *Ezell v. Potter*, 2006 WL 1094558 at *1 (N.D. Ind. 2006).

The defendants' motion for protective order asserted two arguments in support of their request.  The first argument contended that the plaintiffs' motion to compel was premature due to defendants Lucas and Washburn's pending motion to dismiss.

The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion.  *In re Sulfuric Acid,* 231 F.R.D. 331, 336 (N.D. Ill. 2005); *Sprague v. Brook,* 149 F.R.D 575, 577-78 (N.D. Ill. 1993); *Walsh v Heilmann,* 472 F.3d 504, 505 (7th Cir. 2006).  Rather, the determination to stay discovery is based upon the individual case

and whether ongoing discover is "unlikely to produce facts necessary to defeat the motion." *Sprague,* 149 F.R.D. at 577. *See also Orlando Residence, Ltd., v. GP Credit Company, LLC,* 2006 WL 2849866 at *7 (E.D. Wis. Sept. 29, 2006)("Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.")(internal quotations and citations omitted).

Regardless, the court order of March 10, 2008, denying defendants Lucas and Washburn's Motion to Dismiss moots the argument made by Lucas and Washburn in support of their motion for protective order.

The defendants' second line of argument, depending on the Interrogatory in question, generally recited that the requested information was irrelevant, oppressive, burdensome, expensive, prejudicial, invasive of the defendants' privacy, or some variety thereof.  These concerns, reflexively invoked by the defendants, were addressed in the above analysis.  Only Interrogatory 5 directed to Lucas was irrelevant to the claims and defenses germane to the case.  Accordingly, the motion for protective order as to Interrogatory 5 to defendant Lucas is **GRANTED.**  The motion for protective order as to the remaining Interrogatories and production requests is **DENIED.**

_____

For the foregoing reasons, the Motion to Compel Mark Lucas and Verne Washburn to Supplement Answers to Interrogatories and Response to Motion to Produce filed by the plaintiffs on November

30, 2007, is **GRANTED IN PART** and **DENIED IN PART,** and the Motion for Protective Order filed by the defendants Lucas and Washburn on December 13, 2007, is **GRANTED IN PART** and **DENIED IN PART.**

ENTERED this 8th day of May, 2008

                                        s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge