```
                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION


ALFONSO BOROM, SHIRLEY BOROM,    )
WILLIE CHEW, SHIRLEY CHEW,       )
STEPHEN GREER, BETTY GREER,      )
BISHOP HARVEY, JR., PHYLLIS      )
HARVEY, BERNARD HOWARD, YOLANDA  )
HOWARD, BENFORD KING, CHARLOTTE  )
KING, RALPH MAYS, SUQUITA MAYS,  )
ALICIA SMITH, ROGER SMITH,       )
JAMES WASHINGTON, JOAN           )
WASHINGTON, CYNTHIA JOHNSON,     )
ZACHARY JONES,                   )
                                 )
            Plaintiff            )
                                 )
       v.                        )   Case No. 2:07 CV 98
                                 )
TOWN OF MERRILLVILLE, an         )
Indiana municipal corporation;   )
STEPHEN BOWER; TIMOTHY A. BROWN  )
JOHN CHRISTOS; WAYNE FLAHARTY;   )
MABEL GEMEINHART; RICHARD        )
HARDAWAY; LANCE HUISH, KRULL     )
AND SON'S, INC.; MICHAEL KRULL;  )
ROBERT A. KRULL; MARK LUCAS,     )
MDR CONSTRUCTION; MICHAEL        )
O'DONNELL; TRIS A. MILES,        )
CATHERON PARAS, SHAWN PETTIT,    )
ROBINSON ENGINEERING, LTD; ROSS  )
INNSBROOK DEVELOPMENT            )
CORPORATION; JOSEPH SHUDICK;     )
BRUCE SPIRES; DREW STERLEY;      )
ANDREW SYLWESTROWICZ; TERRELL    )
TAYLOR; DAVID M. UZELAC; JOHN    )
E. WARMELINK; VERNE E. WASHBURN  )
JR.; RONALD WIDING; LARRY        )
LUEBCKE; UNKNOWN DEFENDANTS      )
A-Z,                             )
                                 )
            Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion for Sanctions

and Attorney Fees filed by the plaintiffs on April 8, 2008 (DE 161); the Motion to Strike Plaintiffs' Motion for Sanctions and Attorney Fees filed by the defendant, Town of Merrillville, on April 28, 2008 (DE 165); and the Verified Motion for Protective Order filed by the defendant, Town of Merrillville, on May 28, 2008 (DE 211). For the reasons set forth below, the plaintiffs' motion for Sanctions and Attorney Fees is **GRANTED IN PART** and **DENIED IN PART;** the defendant's Motion to Strike is **DENIED;** and the defendant's Motion for Protective Order is **GRANTED.**

## Background

The background to this cause of action was described in the orders of June 19, 2007, January 15, 2008, and May 8, 2008, and is repeated here as necessary. The plaintiffs' claims center upon allegations that the storm water retention systems in the Innsbrook subdivision were inadequately designed, constructed, and maintained. The plaintiffs have alleged that various Town officials and Board members failed to take responsibility for the development's retention pond or to remedy these problems because of the plaintiffs' race.

Count I of the plaintiffs' complaint claims nuisance and seeks injunctive relief compelling the Town, the Innsbrook developers, and O'Donnell Homes, LTD, to remedy the retention pond. Count II seeks damages and injunctive relief for breach of implied warranty of habitability. Count III charges negligence for the design and construction of the water retention system. Count IV asserts civil rights violations by the Town defendants,

including the Town and Plan Commission attorneys and Board members, because of their refusal to address the issues at public meetings, their efforts to dismiss a related state court action, and their efforts to compel one of the plaintiffs to pay for the maintenance of the retention pond. Count V recasts the previous allegations as violations of the Indiana Racketeer Influenced and Corrupt Organizations Act, while Count VI seeks relief under the Indiana Civil Recovery for Crime Victims statute, alleging criminal mischief on the part of the defendants.

   The discovery disputes addressed by the Motion for Sanctions and Attorney Fees are derived from an eight-month delay, beginning October 2007, by defendants in providing all written discovery answers as ordered by this court during a status hearing on June 22, 2007. On October 30, 2007, Attorney Michael J. Rappa, representing the Town, and Attorney Elizabeth D. Norwood, plaintiffs' counsel, agreed to extend the time for discovery to November 14, 2007, in order to allow both sides to finish their written discovery responses. On November 14, 2007, the parties agreed to another extension until November 30, 2007.

   On November 30, 2007, Rappa sent a letter requesting an extension until December 5, 2007, because of illness. After again agreeing to this extension and receiving nothing by the new deadline, Norwood contacted Rappa on December 11, 2007, inquiring about the written discovery responses. During this contact, Rappa requested an additional week to produce the answers to discovery. After three weeks passed, on January 3, 2008, Norwood sent a

discovery inquiry email to Rappa, who never replied. On February 1, 12, 19, and 22 of 2008, Norwood tried without success to contact Rappa inquiring about the written discovery responses.

With the February 12 and 19 letters, the plaintiffs included the first portion of their written discovery responses.  During a conversation around March 7, 2008, Rappa agreed to provide the written discovery responses prior to the March 15, 2008 status hearing. Norwood enclosed her remaining written discovery responses in a letter to Rappa dated March 11, 2008. During the March 15, 2008 status hearing, noting that Rappa had not provided his written discovery responses, this court issued an order for all outstanding written discovery to be answered by March 31, 2008, and announced that a failure to comply would result in sanctions.

Robert D. Epstein, plaintiffs' other counsel, agreed to yet another one week extension beyond the court-ordered March 31 deadline. On April 4, 2008, Norwood mailed and faxed a letter explaining that she would pick up the written discovery responses on April 7, 2008.  But on that date, the written discovery responses were not available, and the plaintiffs filed a Motion for Sanctions and Attorney Fees the following day. In this motion, the plaintiffs have requested a default judgment, the dismissal of the Town defendants' counterclaim, an order barring the Town defendants from presenting evidence on the issues covered by the outstanding discovery, and an award of monetary sanctions.

Additionally, in April 2008, Norwood noticed the deposition of David Uzelac for May 28, 2008 at 9:00 A.M. On May 27, 2008, at approximately 3:30 p.m., counsel for the defendants spoke with Norwood explaining that Uzelac would be unavailable for the deposition due to medical reasons. The defendant, Uzelac, who was a Merrillville councilman and past president of the Merrillville Plan Commission, had undergone hernia surgery two weeks prior and had not yet been released by his doctor. On the day of the deposition, May 28, 2008, defendants' counsel filed its Verified Motion for Protective Order requesting a stay of Uzelac's deposition pending a release from Uzelac's doctor.

Discussion

"If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just." Federal Rule of Civil Procedure 37(b)(2). "The court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was *substantially justified* or other circumstances make an award of expenses unjust." Rule 37(b)(2)(C) (emphasis added). The choice of sanction should be tailored in accordance to the severity of the misconduct. **Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec**, 529 F.3d 371, 387 (7th Cir. 2008); **Charter House Insurance Brokers, LTD v. New Hampshire Insurance Company**, 667 F.2d 600, 605 (7th Cir. 1981).

A motion to compel, while usually preceding Rule 37(b) sanctions, does not have to be a formal motion. *Halas v. Consumer Services, Inc.*, 16 F.3d 161, 164 (7th Cir. 1994); *Tamari v. Bache & Company (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984). *See also Moore v. Doe*, 108 F.3d 1379 (table), 1997 WL 137180 at *1 (7th Cir. 1997)("A noticed party's failure to satisfy discovery obligations, even without a court order, may be properly sanctioned."). A court may impose sanctions without a formal motion to compel when a party fails to produce discovery after a court has issued adequate notice that certain discovery proceedings are to occur by a specific date. *Tamari*, 729 F.2d at 472 (upholding sanctions based on a discussion at a status hearing, an order of court in chambers that deposition be taken by a specific date, and two letters from movant's attorney to deponents regarding the deposition date). Moreover, if a court order were necessary, a promise in open court would be treated as the equivalent of an order. *Charter House*, 667 F.2d at 604. Thus, sanctions are triggered when a party negligently fails to follow the discovery proceedings. *See Tamari*, 729 F.2d at 474 (*citing Marquis v. Chrysler Corporation*, 577 F.2d 624, 642 (9th Cir. 1978); *David v. Hooker, Ltd.*, 560 F.2d 412, 418-420 (9th Cir. 1977); *Fautek v. Montgomery Ward & Company*, 96 F.R.D. 141, 145-46 (N.D. Ill. 1982).

The most severe sanctions, including dismissal, should be issued only when the failure to comply was the result of willfulness or bad faith, the deterrent value of Rule 37 cannot be

6

substantially achieved by the use of less drastic sanctions, or the failure to comply has prejudiced the opposing party's preparation for trial. See *Metropolitan Life Insurance Company v. Cammon*, No. 88C5549, 1989 WL 153558, at *5 (N.D. Ill. 1989). See also *National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976) (holding that 17 months of unanswered interrogatories combined with flagrant bad faith and callous disregard was ample justification to dismiss as a necessary deterrent). Nonetheless, "the Seventh Circuit has cautioned that a dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations." *Govas v. Chalmers*, Nos. 86 c 3733, 86 c 7834, 1989 WL 157506 at *3 (N.D. Ill. 1989); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 75 (7th Cir. 1992)(referring to dismissal as a "drastic sanction" and noting that "we have recommended that courts consider lesser sanctions before imposing default judgments."); *In re Thomas Consolidated Industries, Inc.*, 456 F.3d 719, 724-25 (7th Cir. 2006); *Greviskes v. University Research Association, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005)(imposing sanction of dismissal when plaintiff hid behind "a cloak of further fraud and deceit."). See also *Bolanowski v. GMRI, Inc.*, 178 Fed.Appx. 579, 581 (7th Cir. 2006).

Plaintiffs note that the Town defendants have failed to provide written discovery responses as ordered by the court on two separate occasions. Nonetheless, the defendants correctly assert that the parties reached reciprocal extensions of time to

7

respond to discovery beyond the June 22, 2007 order. However, these agreements do not excuse the defendants' failure to provide responses to written discovery by March 31, 2008, as ordered by this court. Defendants suggest that their failure was substantially justified because the requests were extensive and they were busy working on other cases at the same time. This court took the discovery requests into consideration when ordering responses by March 31, 2008. Furthermore, this court does not believe a heavy caseload is a substantial justification for negligently failing to provide written responses to the discovery by the court ordered deadline. *See e.g.* ***Tamari***, 729 F.2d at 474. In addition, the defendants never raised these concerns in a motion for an extension to this deadline.

Next, defendants argue that sanctions should not be awarded because this motion was filed without first filing a formal motion to compel discovery. This argument is contrary to Seventh Circuit precedent. As recognized in ***Tamari***, a formal motion to compel is not necessary where the court has issued adequate notice that discovery proceedings are to occur by a specific date. Defendants had adequate notice that written discovery responses were to be provided by the March 31, 2008 deadline set by this court during a status hearing. Furthermore, the defendants' argument that this order was only a "timetable" and not an official order signaling sanctions for noncompliance is a blatant disregard for the language of the order. The order was unambiguous when it cautioned that noncompliance would result in sanc-

tions. Likewise, in past orders, this court has been equally clear that new discovery disputes would be met with the sanctions anticipated under Rule 37. *See* Opinion and Order, January 15, 2008, p. 9 (DE 145).

This situation does not warrant the most severe sanctions provided by Rule 37. Therefore, the court will award the plaintiffs the costs they incurred since the court issued its March order, in trying to obtain the written discovery responses that are the subject of this motion, including the costs of bringing this motion. Plaintiffs are **ORDERED** to submit a new affidavit of the expenses they have incurred in attempting to obtain the written responses since the March order. Furthermore, the court will construe the present motion as a motion to compel and **ORDER** the defendants to provide all written discovery responses within 30 days of the entry of this order. Finally, the defendants are **WARNED** that further failures to comply will result in sanctions of increased severity. Accordingly, plaintiffs' Motion for Sanctions and Attorney Fees is **GRANTED IN PART** and **DENIED IN PART,** and defendants' Motion to Strike is **DENIED.**

In their motion for a protective order, the defendants seek an order staying Uzelac's deposition pending his release by the doctor. Uzelac had undergone hernia surgery two weeks prior to his deposition. Defendants notified plaintiffs the day before the deposition was to take place that Uzelac would be unable to attend the deposition.

9

Federal Rule of Civil Procedure 26(c) states that a party may move the court for an order protecting it from oppression, undue burden, or expense if the party has in good faith conferred or attempted to confer with the other parties in an effort to resolve the discovery dispute without court action, and for good cause shown. Rule 26(c)(1). The party seeking the protective order bears the burden of showing good cause by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Company v. Bernard*, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981); 8 C. Wright & A. Miller, *Federal Practice and Procedure* §2035, p. 265 (1970). In determining whether good cause exists, the court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the non-moving party. *Bond v. Uteras*, 04 C 2617, 2007 WL 2003085 at *2 (N.D. Ill. July 2, 2007) (*citing* *Wiggens v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997)). The trial court has broad latitude to determine whether a protective order is necessary and if so, the appropriate scope of the order. *Ezell v. Potter*, 2:01 CV 637, 2006 WL 1094558 at *1 (N.D. Ind. March 16, 2006).

The defendants' motion requests a protective order to stay the deposition and to allow Uzelac to appear for deposition after he is released from his doctor. Uzelac argues that he was unable to attend his deposition because of the recent hernia surgery. The defendants further told plaintiffs that Uzelac had not yet

10

been released by his doctor. The plaintiffs responded by requesting that defendants be forced to produce documented proof of unavailability.

The only apparent dispute with respect to this deposition is whether Uzelac had been released from his doctor. The plaintiffs seek an order compelling Uzelac to produce some proof of this unavailability. In light of the likely mootness of this question and the parties' agreement that no other cause justifies a protective order, the court expects that this deposition can be scheduled without delay. Accordingly, absent agreement from the parties, this deposition shall be held within 30 days of this order. Further, while the plaintiffs apparently doubt the earnestness of Uzelac's assertion of his medical condition, the plaintiffs have not presented evidence that the defendants have violated the obligations created under Federal Rule of Civil Procedure 11, which states that an attorney certifies that the information and factual contentions presented in a written motion have evidentiary support and are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Thus, plaintiffs' mere disbelief of the factual situation as outlined by the defendants does not justify a denial of the defendants' motion.

Nevertheless, the record provides little to explain why, after Uzelac's deposition was properly noticed, well over a month passed before the defendants' counsel notified plaintiffs' attorney that Uzelac was unavailable. *See e.g.* **New Medium**

*Technologies LLC v. Barco, NV*, 242 F.R.D. 460, 464 (N.D. Ill. 2007)("[L]awyers have a duty to act in good faith in complying with their discovery obligations and to cooperate with and facilitate forthright discovery."). Accordingly, defendants' motion for protective order is **DENIED AS MOOT.** The court **ORDERS** that Uzelac is to appear for the deposition within 30 days of this order. The plaintiffs are **ORDERED** to file an affidavit of costs associated with filing their response to Uzelac's Verified Motion for Protective Order.

_____

For the foregoing reasons, the Motion for Sanctions and Attorney Fees filed by the plaintiffs on April 8, 2008 (DE 161) is **GRANTED IN PART** and **DENIED IN PART;** the Motion to Strike Plaintiffs' Motion for Sanctions and Attorney Fees filed by the defendant, Town of Merrillville, on April 28, 2008 (DE 165) is **DENIED;** and the Verified Motion for Protective Order filed by the defendant, Town of Merrillville, on May 28, 2008 (DE 211) is **DENIED AS MOOT.**  The Clerk is **DIRECTED TO TERMINATE** the duplicate motion for fees at DE 159, which was refiled as DE 161.

The plaintiffs are **ORDERED** to file within 10 days of this order an affidavit of costs associated with the expenses incurred in attempting to obtain the written discovery responses since the March order, and their costs associated with the attempt to conduct Uzelac's deposition and filing their response to Uzelac's Verified Motion for Protective Order.  The plaintiffs are **WARNED** that any request for attorney fees must be reasonable.

ENTERED this 17th day of July, 2008

                                                    s/ ANDREW P. RODOVICH
                                                        United States Magistrate Judge