```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


ALFONSO BOROM, SHIRLEY BOROM,      )
WILLIE CHEW, SHIRLEY CHEW,         )
STEPHEN GREER, BETTY GREER,        )
BISHOP HARVEY, JR., PHYLLIS        )
HARVEY, BERNARD HOWARD, YOLANDA    )
HOWARD, BENFORD KING, CHARLOTTE    )
KING, RALPH MAYS, SUQUITA MAYS,    )
ALICIA SMITH, ROGER SMITH,         )
JAMES WASHINGTON, JOAN             )
WASHINGTON, CYNTHIA JOHNSON,       )
ZACHARY JONES,                     )
                                   )
               Plaintiff           )
                                   )
          v.                       )  Case No. 2:07 CV 98
                                   )
TOWN OF MERRILLVILLE, an           )
Indiana municipal corporation;     )
STEPHEN BOWER; TIMOTHY A. BROWN    )
JOHN CHRISTOS; WAYNE FLAHARTY;     )
MABEL GEMEINHART; RICHARD          )
HARDAWAY; LANCE HUISH, KRULL       )
AND SON'S, INC.; MICHAEL KRULL;    )
ROBERT A. KRULL; MARK LUCAS,       )
MDR CONSTRUCTION; MICHAEL          )
O'DONNELL; TRIS A. MILES,          )
CATHERON PARAS, SHAWN PETTIT,      )
ROBINSON ENGINEERING, LTD; ROSS    )
INNSBROOK DEVELOPMENT              )
CORPORATION; JOSEPH SHUDICK;       )
BRUCE SPIRES; DREW STERLEY;        )
ANDREW SYLWESTROWICZ; TERRELL      )
TAYLOR; DAVID M. UZELAC; JOHN      )
E. WARMELINK; VERNE E. WASHBURN    )
JR.; RONALD WIDING; LARRY          )
LUEBCKE; UNKNOWN DEFENDANTS        )
A-Z,                               )
                                   )
               Defendants          )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Quash Subpoena and for Sanctions [DE 243] filed by the defendants, Mark

Lucas, Verne Washburn, and Ross Innsbrook, on October 6, 2008. For the reasons stated below, this motion is **DENIED**.

Background

The defendants ask the court to quash non-party subpoenas issued to JP Morgan Chase Bank regarding accounts held by Mark Lucas, Verne Washburn, and Ross Innsbrook.  These defendants allege that the subpoenas were served in violation of the rules because the plaintiffs did not serve notice of the subpoenas upon each party of record.  The defendants also attack the breadth, relevance, and alternative availability of the information sought by the subpoenas.  Finally, the defendants seek sanctions against the plaintiffs' counsel for her violation of the procedural rules even though she already had "indicated that she would withdraw the present subpoenas and re-issue them in accordance with the rules."  (Deft. Mtn. to Quash Subpoena and for Sanctions, p. 4)

The plaintiffs respond by noting that the defendants' motion lacked certification of good faith conferral required by Federal Rule of Civil Procedure 37 and that plaintiffs did withdraw the subpoenas as promised and reissued them with a proper notice and narrower in scope.  The plaintiffs claim that the information sought is relevant to the counts alleged in the complaint, adding an affidavit of one of the plaintiffs, Benford L. King, which asserts King's belief that Washburn bribed councilman and defendant Terrell Taylor to keep the Town from halting construction of Innsbrook Unit 7.

The defendants' reply confirms that the original bank subpoenas were withdrawn and properly reissued, yet still contends that the scope of the information requested is too broad. The defendants also have added a motion to strike King's affidavit for lack of personal knowledge and hearsay.

## Discussion

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that "[o]n timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected material and no exception or waiver applies."  Further, "the party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill. 2007).  However, implicit in the rule is the requirement that a subpoena seek relevant information. See *Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 621-22 (S.D. Ill. 2007); *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1).").  Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting* *Oppenheimer Fund, Inc. v. Sanders*, 437

3

U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003).

The defendants' complaint that the subpoenas were served without proper notice is correct, but inconsequential, since plaintiffs' counsel already had agreed to withdraw the subpoenas and properly reissue them. Not only did the defendants' motion lack the Rule 37 certification that the parties attempted to resolve their differences before seeking court intervention, but the defendants' own motion stated that plaintiffs' counsel had conceded her error and promised to correct the problem when the parties had conferred. This is how the system is supposed to work: when a conflict arises, the parties' counsel work together to solve it. *See* Standards for Professional Conduct Within the Seventh Federal Judicial Circuit, Lawyers' Duties to Other Counsel, ¶ 5 ("We will not seek sanctions without first conducting a reasonable investigation and unless fully justified by the circumstances and necessary to protect our client's lawful interests."). No conflict existed according to the defendants' motion, and therefore, no sanctions are warranted.

Local Rule 7.1 instructs that "[e]ach motion shall be separate; alternative motions filed together shall each be named in the caption on the face." The defendants' reply asks the

court to quash the second set of subpoenas and additionally adds a motion to strike the King affidavit. Such a conglomeration of motions is improper, and the court will not change the initial motion to quash into a challenge to a new set of subpoenas that request different information. Likewise, adhering to the local rule, any motion to strike may not be added to a reply brief, is moot because the subpoenas sought to be quashed were withdrawn, and will not be addressed here.

_____

For the foregoing reasons, the Motion to Quash Subpoena and for Sanctions [DE 243] filed by the defendants, Mark Lucas, Verne Washburn, and Ross Innsbrook, on October 6, 2008, is **DENIED**.

ENTERED this 8th day of June, 2009

                               s/ ANDREW P. RODOVICH
                                  United States Magistrate Judge