```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


ALFONSO BOROM, SHIRLEY BOROM,      )
WILLIE CHEW, SHIRLEY CHEW,         )
STEPHEN GREER, BETTY GREER,        )
BISHOP HARVEY, JR., PHYLLIS        )
HARVEY, BERNARD HOWARD, YOLANDA    )
HOWARD, BENFORD KING, CHARLOTTE    )
KING, RALPH MAYS, SUQUITA MAYS,    )
ALICIA SMITH, ROGER SMITH,         )
JAMES WASHINGTON, JOAN             )
WASHINGTON, CYNTHIA JOHNSON,       )
ZACHARY JONES,                     )
                                   )
               Plaintiff           )
                                   )
          v.                       )   Case No. 2:07 cv 98
                                   )
TOWN OF MERRILLVILLE, an           )
Indiana municipal corporation;     )
STEPHEN BOWER; TIMOTHY A. BROWN    )
JOHN CHRISTOS; WAYNE FLAHARTY;     )
MABEL GEMEINHART; RICHARD          )
HARDAWAY; LANCE HUISH, KRULL       )
AND SON'S, INC.; MICHAEL KRULL;    )
ROBERT A. KRULL; MARK LUCAS,       )
MDR CONSTRUCTION; MICHAEL          )
O'DONNELL; TRIS A. MILES,          )
CATHERON PARAS, SHAWN PETTIT,      )
ROBINSON ENGINEERING, LTD; ROSS    )
INNSBROOK DEVELOPMENT              )
CORPORATION; JOSEPH SHUDICK;       )
BRUCE SPIRES; DREW STERLEY;        )
ANDREW SYLWESTROWICZ; TERRELL      )
TAYLOR; DAVID M. UZELAC; JOHN      )
E. WARMELINK; VERNE E. WASHBURN    )
JR.; RONALD WIDING; LARRY          )
LUEBCKE; UNKNOWN DEFENDANTS        )
A-Z,                               )
                                   )
               Defendants          )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Amend Plaintiffs' Second Amended Complaint [DE 266] filed by the plaintiffs on February 6, 2009. For the following reasons, the motion is **DENIED**.

## Background

On April 2, 2007, 20 African-American residents of the Innsbrook subdivision in Merrillville, Indiana, filed their six-count complaint against Town of Merrillville staff and officials, the developers of the Innsbrook subdivision, the engineering firm responsible for the design of the subdivision's storm water system, and home builders who own lots or have constructed homes in the subdivision.

The claims center upon unsuccessful efforts to remedy what the plaintiffs have characterized as a storm water system that does not conform to the Town's standards and, because of its defects, has caused significant flooding and damage to their homes. The plaintiffs allege that the storm water retention pond in the subdivision was negligently designed, breached the implied warranty of habitability, and created a nuisance. The plaintiffs also have brought claims under Indiana's Racketeer Influenced and Corrupt Organizations Act, alleging a pattern of violations of Indiana's official misconduct and public servant conflict of interest laws.

The plaintiffs further allege that Town officials failed to enforce applicable code provisions regarding the design of the storm water system, failed to take control of and remedy the defective storm water retention pond, and maliciously pursued a counterclaim against Benford King, one of the plaintiffs, in a related state court action. In that suit, King asserted that the storm water pond constituted a nuisance, and the Town of Merrill-

ville asserted a counterclaim based upon a section of Town code that permits the Town to seek reimbursement for maintenance expenses incurred regarding the pond.

In addition, the plaintiffs complain that defendant Stephen Bower, acting as Town Attorney for Merrillville, refused their requests to be placed on the agenda for a Town meeting and misrepresented the ownership of the storm water pond.  The plaintiffs allege that the failure to enforce the code, the state court counterclaim, and the exclusion from the Town meeting agenda were motivated by race in violation of the plaintiffs' Fourteenth Amendment rights.

The plaintiffs filed this motion to amend the second amended complaint on February 6, 2009, over 22 months after the filing of the original complaint and over ten months after the court scheduled deadline of March 31, 2008, to amend pleadings.  The plaintiffs ask the court to add four new defendants, the Merrillville Plan Commission, the law firm of Cohen & Thiros, Dorinda Gregor, and John Petalas.  Gregor is a former staff member of the Plan Commission.  Petalas is a former Clerk-Treasurer of the Town responsible for recording Town Council meetings.  Cohen & Thiros is the law firm employing Stephen Bower, a defendant.  The plaintiffs' two-page motion to amend states simply that the four prospective defendants were identified in the discovery process.  The plaintiffs assert that discovery has revealed evidence supporting two new counts in the complaint also, negligent hiring and negligent spoliation of evidence.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d. 222 (1962). This Circuit has recognized that because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant. *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The decision of the court to deny leave to amend a complaint is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007)(*quoting* *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

In contrast to the discretionary standard under Rule 15, Federal Rule of Civil Procedure 16 imposes a good cause standard when a party seeks to amend a court's scheduling order. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). *See also* *Trustmark Insurance Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005)("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'"); *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 430

4

F.Supp.2d 1157, 1163 (D. Nev. 2006)("Where a party moves to amend the pleadings after a deadline set in the Rule 16 scheduling order, the Court should not modify the scheduling order 'except upon a showing of good cause.'"). The Seventh Circuit has endorsed the holding that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark*, 424 F.3d at 553.

Here, the plaintiffs' two-page motion expresses few substantive facts to support a finding of diligence on their part. The motion simply states that the Second Amended Complaint "reserved the right to add defendants to the action whose identities were unknown" and that during the course of discovery, evidence was uncovered which supports the two new counts. The Merrillville Plan Commission and the Town Attorney, Cohen & Thiros, cannot be regarded as "unknown defendants" because their existence and actions clearly were apparent from the start of the lawsuit. There can be no reason that their identities would not have been known to the plaintiffs - and even in plaintiffs' reply brief, no reason is offered - in the almost two-year time span from the start of this suit. The plaintiffs also have offered no excuse for the delay of ten months since the court ordered deadline to amend the pleadings. There being no good cause to add the Merrillville Plan Commission and the law firm of Cohen & Thiros, the court denies the plaintiffs' request to add these two parties to the lawsuit.

The remaining two parties who the plaintiffs wish to add as defendants are former employees of the Plan Commission and the Town of Merrillville and alleged co-conspirators in the counts of the plaintiffs' complaint. Again, the plaintiffs assert that only through the discovery process were the acts of these former employees, Gregor and Petalas, revealed. Plaintiffs allege that Gregor called members of the Plan Commission to have them sign documentation after the statutory time for doing so had expired and conspired to cover up the fact that Innsbrook Unit 7 never was approved in accordance with the law and Town ordinances. Similarly, plaintiffs assert that Petalas failed to record a Town Council meeting in an effort to cover up the Town of Merrillville's involvement in a scandal which is described in the plaintiffs' pleadings, but which has nothing to do with the plaintiffs' allegations concerning the real estate development.[1]  Nowhere in the plaintiffs' motion or reply is it revealed exactly when these two names were discovered, leaving the court to guess

---

[1] The plaintiffs allege the following:

> On February 22, 2000, JOHN PETALAS, [sic] failed to record the Town Council meeting after the Town Council men [sic] discussed at the previous Town Council meeting o [sic] February 8, 2000, the Post Tribune's exposure of the Town's security for hire scheme using the Town Emergency Management Agency (EMA) volunteers in exchange for donations.  JOHN PETALAS failed to accurately record and transcribe the proceedings of Town Council meetings in order to cover-up [sic] the criminal activities of the Town.

(Pltfs. Proposed Third Amended Complaint, p. 13, ¶ 23)

The EMA "security for hire" scandal is listed as a Predicate Crime in the plaintiffs' count under the Indiana RICO violations charged in Count V.

at the length of time that has passed and whether the plaintiffs were diligent in filing this request to amend.

Assuming, arguendo, that the plaintiffs have satisfied the good cause requirement because the recent discovery of the names of these two former Town employees, the court still must weigh the other factors involved. At the time that the plaintiffs filed this motion to amend the pleadings, not only had the deadline to amend the pleadings passed, but the fact discovery deadline of April 30, 2009, was less than three months from expiring. Not until April 30, 2009, did this court issue an order on an agreed motion to extend fact discovery. Granting the motion for the amended complaint would require yet another extension of the deadlines of this case, a result that the court rejects.

Not only would the grant of this Third Amended Complaint undermine the court's case management, but the parties named as new defendants would be at an almost two-year disadvantage in their defenses. Though plaintiffs have enjoyed the period of time from which the original Complaint was filed in which to build their case, the newly added defendants would be brought into the late stages of this litigation and undoubtedly would seek additional time to conduct discovery. Like in *Trustmark*, the nine month delay after the court's deadline to amend the pleadings is not outweighed by any good cause shown by the plaintiffs.

Similarly, the existing defendants are entitled to expect the case to move forward as scheduled. The addition of two new

counts to the complaint at this late stage would prejudice these parties.

Therefore, because of the failure to show good cause by the plaintiffs, the time management concerns of the court, and the obvious prejudice to the defendants caused by the addition of new counts and new parties more than ten months after the court's deadline to amend pleadings and less than two month before the close of fact discovery, the court **DENIES** the motion to amend the pleadings.

_____

For the foregoing reasons, the Motion to Amend Plaintiffs' Second Amended Complaint [DE 266] filed by the plaintiffs on February 6, 2009, is **DENIED.**

ENTERED this 9th day of June, 2009

s/ ANDREW P. RODOVICH
United States Magistrate Judge