UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALFONSO BOROM, SHIRLEY BOROM, WILLIE CHEW, SHIRLEY CHEW, STEPHEN GREER, BETTY GREER, BISHOP HARVEY, JR., PHYLLIS HARVEY, BERNARD HOWARD, YOLANDA HOWARD, BENFORD KING, CHARLOTTE KING, RALPH MAYS, SUQUITA MAYS, ALICIA SMITH, ROGER SMITH, JAMES WASHINGTON, JOAN WASHINGTON, CYNTHIA JOHNSON, ZACHARY JONES,<br><br>        Plaintiff<br><br>    v.<br><br>TOWN OF MERRILLVILLE, an Indiana municipal corporation; STEPHEN BOWER; TIMOTHY A. BROWN JOHN CHRISTOS; WAYNE FLAHARTY; MABEL GEMEINHART; RICHARD HARDAWAY; LANCE HUISH, KRULL AND SON'S, INC.; MICHAEL KRULL; ROBERT A. KRULL; MARK LUCAS, MDR CONSTRUCTION; MICHAEL O'DONNELL; TRIS A. MILES, CATHERON PARAS, SHAWN PETTIT, ROBINSON ENGINEERING, LTD; ROSS INNSBROOK DEVELOPMENT CORPORATION; JOSEPH SHUDICK; BRUCE SPIRES; DREW STERLEY; ANDREW SYLWESTROWICZ; TERRELL TAYLOR; DAVID M. UZELAC; JOHN E. WARMELINK; VERNE E. WASHBURN JR.; RONALD WIDING; LARRY LUEBCKE; UNKNOWN DEFENDANTS A-Z,<br><br>        Defendants | Case No. 2:07 cv 98 |

OPINION AND ORDER

This matter is before the court on the Motion to Extend Rebuttal Expert Deadline of July 30th, 2009 [DE 328] filed by the plaintiffs on July 15, 2009; the Motion for Enlargement of Time to Depose Plaintiffs' Expert Witnesses [DE 350] filed by defendant Town of Merrillville on August 31, 2009; and the Supplemental Motion to Extend Rebuttal Expert Deadline of July 30th, 2009 [DE 374] filed by the plaintiffs on November 6, 2009. For the following reasons, the Motion to Extend Rebuttal Expert Deadline of July 30th, 2009 [DE 328] is **DENIED**, the Motion for Enlargement of Time to Depose Plaintiffs' Expert Witnesses [DE 350] is **DENIED**, and the Supplemental Motion to Extend Rebuttal Expert Deadline of July 30th, 2009 [DE 374] is **DENIED.**

Background

The background of this cause of action was described in the court's previous Orders – June 19, 2007, January 15, 2008, May 8, 2008, July 17, 2008, June 8, 2009, June 9, 2009 – and is repeated and added to as needed to develop the background of the current motions.

Plaintiffs claim that the Town of Merrillville failed to take responsibility for the inadequate design, construction, and maintenance of a storm water retention pond because of the plaintiffs' race. Since this litigation began in April 2007, the parties have sought multiple extensions of the discovery deadlines, many of which have been granted by the court. The court made it clear to the parties that further extensions of time

would be viewed unfavorably.  (*See* DE 301, 315)  Nevertheless, the parties again come before the court to request more discovery extensions.

First, the plaintiffs seek an extension of time for a rebuttal expert.  The plaintiffs assert that they diligently sought out an expert witness to rebut the defendants' expert's assertions.  Approximately two weeks after receiving the defendants' expert's report, Borom's counsel found an expert witness, Gary Schaefer, who was willing to do the rebuttal report but could not present his findings in a report until August 14, due to commitments to other projects.  Counsel for the plaintiffs has described making contact with only one other potential expert who had a conflict of interest and receiving several referrals to another expert who already was retained by another defendant.  Defendants argue that the plaintiffs continually have ignored the court-ordered schedule and dispute that a rebuttal report could be completed within this time frame because their own expert was able to do so within six days time.

Second, the Town of Merrillville seeks an enlargement of time to depose the Borom's expert witnesses, Mohamed Ali and Dale Kleszynski.  Plaintiffs criticize the Town for noticing depositions five days before the date of deposition, which does not comply with the Local Rule 30.1 requirement of two weeks notice.

Third, the plaintiffs request leave to belatedly file and supplement the rebuttal expert report which is described above and was tardily prepared.  The plaintiffs submitted the expert

report and the supplemental expert report in the next docket filing.

## Discussion

Federal Rule of Civil Procedure 16(b) guides courts in determining when to extend deadlines. Rule 16(b)(4) provides that a "schedule shall not be modified except upon a showing of good cause and by leave" of court. ***United Consumers Club, Inc. v. Prime Time Marketing***, 2009 WL 3200540, *7 (N.D. Ind. Sep. 25, 2009). The Seventh Circuit has held that Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. ***Trustmark Insurance Co. v. General & Cologne Life Re of America***, 424 F.3d 542, 553 (7th Cir. 2005). Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timeline could not be met." ***United Consumers Club***, 2009 WL 3200540 at *7. Courts have a legitimate interest in ensuring that the parties follow scheduling orders in order to ensure prompt and orderly litigation. ***United States v. 1948 South Martin Luther King, Dr.***, 270 F.3d 1102, 1110 (7th Cir. 2001).

The plaintiffs in the first motion ask for an extension in order to submit a rebuttal report almost two weeks past the deadline. Borom argues that, in light of the number of defendants and plaintiffs, one month is "not enough time for experts to perform expert work." The number of parties involved has no relevance to remedying the retention pond problems. The central

4

issue of this litigation always has been the retention pond problems, and the court rejects the notion that the plaintiffs could not locate experts within the two years of litigation before the expert deadline.

Because the court does not find that the plaintiffs were diligent in locating an expert and submitting a report before the deadline, the court **DENIES** the Plaintiffs' Motion to Extend Rebuttal Expert Deadline of July 30th, 2009 [DE 328].

Second, defendant Town of Merrillville seeks an extension of the discovery deadline in order to depose Borom's experts. Essentially, the inquiry for an enlargement of time to depose experts is the same as an extension of a discovery deadline. The defendant has offered no reason why this extension should be granted other than the repeated extensions requested by and granted to the plaintiffs. Much like plaintiffs' request above, without good cause and a showing of diligence, the court will not extend the deadline. Thus, the court **DENIES** the Motion for Enlargement of Time to Depose the Plaintiffs' Expert Witnesses [DE 350].

Finally, because the court has denied the plaintiffs' request to belatedly file the expert rebuttal report based on a lack of diligence, the Supplemental Motion to Extend Rebuttal Expert Deadline of July 30th, 2009 [DE 374] is likewise **DENIED.**

This court has informed the parties on several occasions, both at status conferences and in orders, that it is not amenable to further extensions of discovery in this matter. This Order

5

shall serve as notice to the parties that unless the parties agree, all time extensions in this cause of action will be denied.  Similarly, the plaintiffs have filed several motions to supplement or amend previously filed motions and/or briefs, (*see, e.g.*, DE 327, 340, 374), requiring further briefing and wasted time.  Any further motions of this type, i.e., additions, amendments, supplements, or afterthoughts to be added to previously filed motions or briefs, shall be immediately denied.

_____

For the foregoing reasons, the Motion to Extend Rebuttal Expert Deadline of July 30th, 2009 [DE 328] filed by the plaintiffs on July 15, 2009, is **DENIED**, the Motion for Enlargement of Time to Depose Plaintiffs' Expert Witnesses [DE 350] filed by the defendant, Town of Merrillville, on August 31, 2009, is **DENIED**, and the Supplemental Motion to Extend Rebuttal Expert Deadline of July 30th, 2009 [DE 374] filed by the plaintiffs on November 6, 2009, is **DENIED**.  The Clerk is **ORDERED TO STRIKE** the Supplemental Expert Report and Supplemental Rebuttal Expert Report [DE 375] filed by the plaintiffs outside of the discovery deadlines set in this matter.

ENTERED this 9th day of December, 2009

                                             s/ ANDREW P. RODOVICH
                                                United States Magistrate Judge