UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALFONSO BOROM, SHIRLEY BOROM, WILLIE CHEW, SHIRLEY CHEW, STEPHEN GREER, BETTY GREER, BISHOP HARVEY, JR., PHYLLIS HARVEY, BERNARD HOWARD, YOLANDA HOWARD, BENFORD KING, CHARLOTTE KING, RALPH MAYS, SUQUITA MAYS, ALICIA SMITH, ROGER SMITH, JAMES WASHINGTON, JOAN WASHINGTON, CYNTHIA JOHNSON, ZACHARY JONES,<br><br>        Plaintiff<br><br>        v.<br><br>TOWN OF MERRILLVILLE, an Indiana municipal corporation; STEPHEN BOWER; TIMOTHY A. BROWN; JOHN CHRISTOS; WAYNE FLAHARTY; MABEL GEMEINHART; RICHARD HARDAWAY; LANCE HUISH, KRULL AND SON'S, INC.; MICHAEL KRULL; ROBERT A. KRULL; MARK LUCAS, MDR CONSTRUCTION; MICHAEL O'DONNELL; TRIS A. MILES, CATHERON PARAS, SHAWN PETTIT, ROBINSON ENGINEERING, LTD; ROSS INNSBROOK DEVELOPMENT CORPORATION; JOSEPH SHUDICK; BRUCE SPIRES; DREW STERLEY; ANDREW SYLWESTROWICZ; TERRELL TAYLOR; DAVID M. UZELAC; JOHN E. WARMELINK; VERNE E. WASHBURN JR.; RONALD WIDING; LARRY LUEBCKE; UNKNOWN DEFENDANTS A-Z,<br><br>        Defendants | Case No. 2:07 cv 98 |

OPINION AND ORDER

This matter is before the court on the Motion for Leave to File Oversized Krull Survey'12, Plumb Tuckeet and Associates and K & S Data [DE 586] filed by the plaintiffs on August 2, 2010. Based on the following, the plaintiffs' motion is DENIED.

Background

The plaintiffs filed their Federal Rule of Civil Procedure 26(a)(2) expert disclosures at the end of February 2009. On April 26, 2010, the counter claimants filed a motion for summary judgment. The plaintiffs responded on June 15, 2010 and supported their memorandum with an affidavit prepared by the plaintiffs' expert, Mohamed Vazir Ali. On July 15, 2010, REL and Warmelink filed a Motion to Strike the Affidavit of Ali, arguing that Ali's affidavit did not comply with Federal Rules of Civil Procedure 26(a)(2) and 56(e) and because it contained opinions and materials that were not previously disclosed. The plaintiffs now request leave to file the documents that REL and Warmelink argue in their motion to strike were not previously disclosed, namely, the Krull survey, Plumb Tuckett & Assoc. Data, and K & S data.

Discussion

Rule 26(a)(2)(B) requires a written expert report to contain a complete statement of all opinions expressed and data and information considered by the expert. Parties have a duty to supplement or correct their expert reports with new information thereafter acquired. Rule 26(e). However, when the party

2

seeking to supplement its report has been in possession of the material since the report originally was prepared, leave to amend the report generally will not be granted. See Council 31 v. Ward, 1995 WL 549022 (N.D. Ill. Sept. 12, 1995)(barring plaintiff's fifth amended expert report where discovery was closed and the court already had ruled on the parties' cross motions for summary judgment); Talbert v. Chicago, 236 F.R.D. 415, 420 (N.D. Ill. 2006)(discussing that the posture of the case affects the court's decision to exclude the supplemental documents).

In Council 31, the plaintiff attempted to file its fifth expert report after discovery was closed, the parties had exchanged several expert reports, and the court had ruled on the cross motions for summary judgment. The report contained evidence which the plaintiff was in possession of before filing its previous expert report. Council 31, 1995 WL 549022, at *1. The court granted the defendant's motion to bar the plaintiff's fifth expert report because the plaintiff had not demonstrated that it had newly acquired evidence, so that Rule 26(e) was not applicable, nor did the plaintiff provide an adequate explanation for its need to file a fifth expert report. Council 31, 1995 WL 549022, at *2. The court stated that "[t]he work of the experts should have been completed before the cross-motions for summary judgment were filed, since that did not occur until after discovery had closed." Council 31, 1995 WL 549022, at *1.

Similarly, the plaintiffs now seeks to introduce documents that they were in possession of at the time their original expert

reports were disclosed.  Discovery has closed and 17 months have passed since the summary judgment motion was fully briefed. The plaintiffs failed to provide any explanation for the delay and need to supplement Ali's affidavit with documents that were not previously disclosed.  If the court permitted the reports to be filed, the court would have to allow the defendants time to review the documents and submit them to their experts.  See Talbert, 236 F.R.D. at 420 ("If the report were allowed, the defendants would have been forced to have their expert review the new material and submit a new report as well, which would have resulted in a substantial expenditure of additional time").  This would result in a substantial expenditure of time.  Talbert, 236 F.R.D. at 420.  Because of the late stage at which the plaintiffs request to introduce the documents its experts relied on, the inadequacy of plaintiffs' explanation for supplementing Ali's affidavit, and the substantial prejudice to the defendants, the plaintiffs' motion is DENIED.

    ENTERED this 8th day of October, 2010

                                      s/Andrew P. Rodovich
                                        United States Magistrate Judge