UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ALFONSO BOROM, *et al.*,

    Plaintiffs,

        v.                            Case No. 2:07-CV-98 JVB

TOWN OF MERRILLVILLE,
*et al.*,

    Defendants.

## OPINION and ORDER

On Plaintiffs' Objections (DE 697, 698), the Court reviews the Bills of Costs submitted by the so-called Town Defendants[1] and John Warmelink (DE 625, 628) after they prevailed on the summary judgment of Plaintiffs' cause of action under 42 U.S.C. § 1983. The Court concludes the Town Defendants and Warmelink should recover many, but not all, of their billed expenses. Plaintiffs have not overcome the strong presumption in favor of awarding prevailing parties their costs. Many of the charges the Town Defendants and Warmelink seek to recoup are within the statutorily authorized categories, 28 U.S.C. § 1920 (2006), and Plaintiffs failed, for the most part, to surmount the prevailing parties' evidence that the costs were necessary and reasonable. Plaintiffs' unclean-hands argument also fails. But some of the expenses the Town Defendants and Warmelink have sought are not reimbursable as costs, and others are lacking in evidentiary support, so the Court does not award the Bills of Costs in full.

---

[1] The "Town Defendants" comprise the Town of Merrillville and sixteen individuals who worked for it: Stephen Bower, Timothy Brown, John Christos, Mabel Gemeinhart, Richard Hardaway, Lance Huish, Tris Miles, Catheron Paras, Shawn Pettit, Joseph Shudick, Bruce Spires, Drew Sterley, Andrew Sylwestrowicz, Terrell Taylor, David Uzelac, and Ronald Widing.

### A. Background

Even the docket-entry count, totaling over 700, attests to the long and bitter flavor of this litigation. Plaintiffs are twenty-one non-white residents of the Innsbrook subdivision in Merrillville. (Second Am. Compl., DE 230.) They sued the Town Defendants and Merrillville's engineer, John Warmelink, over poor drainage, problems related to a pond and nearby construction, and other issues affecting Plaintiffs' residential real properties.

Plaintiffs contended their injuries were caused in part by infringement of their Fourteenth Amendment right to race-neutral equal protection of the laws. They moved for summary judgment on no less than twelve issues. But on Defendants' motions for summary judgment, Plaintiffs could not establish the existence of a similarly situated group of whites that the prevailing parties had treated differently. That was an essential showing for the § 1983 case, so the Court entered summary judgment in favor of the Town Defendants and Warmelink. On Plaintiffs' appeal, the Seventh Circuit affirmed the summary judgment against them. *Harvey v. Town of Merrillville*, 649 F.3d 526, 531–32 (7th Cir. 2011) (explaining Plaintiffs failed to identify "any admissible evidence" that the residents of the ostensible comparator community were of a different race).

After granting the Town Defendants' and Warmelink's motions for summary judgment, this Court denied both of them attorneys' fees (Apr. 19, 2011, Order, DE 655), but awarded costs of $54,357.68 to the Town Defendants (DE 661) and $61,911.62 to Warmelink (DE 659). Because the Clerk had not filed a notice of taxation, however, Plaintiffs never received the ordinary opportunity to object to the Bills of Costs. For that reason, the Court granted Plaintiffs' motions to alter judgment (DE 662, 665) and vacated the judgment for costs. (Aug. 16, 2011, Order, DE 692.) The Court further ordered the Clerk to file a notice of taxation of the Town Defendants'

and Warmelink's Bills of Costs. (*Id.*) The Clerk did so on August 16, 2011 (DE 693, 694), and then taxed the costs on August 29, 2011 (DE 695, 696). Plaintiffs objected on September 1, 2011 (DE 697, 698), and these Defendants responded (DE 700, 704), arguing in part that Plaintiffs' objections were late.

### B. Analysis

#### *1. Did Plaintiffs Object On Time?*

A losing party can object to the winner's bill of costs, but not more than 7 days after the clerk of the court has taxed the costs. Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."). Plaintiffs filed the Objections at issue (DE 697, 698) only 3 days after the Clerk taxed the challenged costs (DE 695, 696), so they were not late.

Warmelink and the Town Defendants argue Plaintiffs had to object within 7 days of the *notice* of taxation. But the 7-day period described in Rule 54(d)(1) does not begin until the actual *event* of taxation, which can occur no sooner than 14 days after the notice. This is the most natural reading of Rule 54. Efficiency and common sense also favor this construction—odd it would be to delay the Clerk's power to tax costs for 7 days after the window for objecting has closed.

Warmelink and the Town Defendants interpret also the Court's August 16, 2011, order to start the 7-day period with the notice, rather than the event of taxation itself. The Court disagrees and finds Plaintiffs' objections timely under the Rule because Plaintiffs filed them within 7 days after the event of taxation.

### *2. What Expenses, If Any, Should the Town Defendants and Warmelink Recover As Costs?*

The Court must resolve several subsidiary issues to determine the merit of Plaintiffs' objections to the Town Defendants' and Warmelink's Bills of Costs: First, did Plaintiffs overcome the "strong presumption" in favor of costs awards to prevailing parties,[2] such that the Court should deny the Town Defendants and Warmelink the prospect of recovering costs outright?[3] If not, does 28 U.S.C. § 1920 authorize the recovery, as a cost, of each expense billed? *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) (allowing taxation of only those costs specified by the statute); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000) (explaining further *Crawford Fitting*'s limitation). Next, was it reasonably necessary at the time to incur each statutorily reimbursable cost? *E.g., Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (making clear that absolute necessity is not the issue). Finally, the Court verifies the reasonableness of the amount of each recoverable and necessary cost. *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000).

### *a. Resolution of Issues Common to Both Bills of Costs*

First, the Court concludes Plaintiffs did not overcome the "strong presumption" in favor of awarding the prevailing parties' costs to the extent they are statutorily authorized, necessary, and reasonable. Generally, only the losing party's inability to pay or penalty-worthy misconduct by

---

[2] There is no dispute the Town Defendants and Warmelink are prevailing parties.

[3] While 28 U.S.C. § 1920 establishes that a federal court "may" tax the costs it enumerates, Rule 54(d)(1) goes a step further by saying those costs "should be allowed," qualifying the statement only by exceptions that do not apply here. Thus, there is a "strong presumption" in favor of costs awards to prevailing parties. *U.S. Neurosurgical, Inc. v. City of Chi.*, 572 F.3d 325, 333 (7th Cir. 2009) (citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997)). In *Weeks*, the Seventh Circuit explained that district courts' discretion to deny costs is "narrowly confined." 126 F.3d at 945. "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay" can justify denying costs. *Id.* "[T]he losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (citing *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991)).

the billing party can justify denying costs wholesale. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). The only evidence Plaintiffs asked the Court to consider in this regard is a video recording that shows flooding and other water-related problems in their community. The Court accepts as true that Plaintiffs have faced, and may still experience, drainage issues. Yet the video does not show any conduct by the prevailing parties at all, much less the penalty-worthy kind that could justify a denial of costs. For the same reason, the Court overrules Plaintiffs' objections insofar as grounded in the doctrine of unclean hands.

Moving on, the Court notes the Town Defendants and Warmelink can recover their billed expenses, if at all, only as costs, because the Court has already denied their motions for attorneys' fees. (DE 655.) This means 42 U.S.C. § 1988(c), a provision for awards of expert fees "as part of the attorney's fee" in civil-rights cases, is off the table.

It was the only chance the parties ever had in this case to recover their experts' fees for non-testimonial advisory services. That's because such fees are not recoverable as costs—recall that 28 U.S.C. § 1920 exhausts all the classes of reimbursable costs. *Crawford Fitting*, 482 U.S. at 441; *Cefalu*, 211 F.3d at 427. And the Supreme Court has explained: "None of the categories of expenses in § 1920 can reasonably be read to include fees for services rendered by an expert employed by a party in a nontestimonial advisory capacity." *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 87 (1991).

To be sure, "Congress legislatively overruled [another aspect of] *Casey* by amending § 1988 to provide that a court, in its discretion, may include expert fees as part of the attorney's fee award." *Zeigler Coal Co. v. Dir., Office of Workers' Comp. Programs*, 326 F.3d 894, 900 n.2 (7th Cir. 2003) (citing Pub. L. 102-66, § 113(a)(2), codified at 42 U.S.C. § 1988). But Congress has done nothing to make experts' fees for nontestimonial work available for recoupment as

costs. The Town Defendants therefore do not recover as costs the $6,620 they paid for "engineering services." (DE 625-4.) Likewise, with a small exception discussed below, Warmelink does not recover as costs his $54,424.16 in expert fees from Christopher B. Burke Engineering. (DE 628.)

With that background, the Court can proceed to assess individually the categorical recoverability, necessity, and reasonableness of the rest of the Town Defendants' and Warmelink's billed charges.

### b. The Town Defendants' Bill

The Town Defendants seek a total of $54,357.68 (Town Defs.' Bill of Costs, DE 625, at 1), classifying them as follows:

- Deposition transcripts (*id.* at 3):        $29,057.96;
- Witnesses' fees (*id.* at 5):               $1,050.00;
- Photocopying (*id.* at 6):                  $12,818.87;
- Postage and delivery services (*id.*):      $433.79
- Telephone toll calls (*id.*):               $185.40;
- Westlaw (*id.*):                            $4,003.36;
- Travel (*id.*):                             $188.30; and
- "Expert Costs" (*id.*):                     $6,620.00.

Plaintiffs contend "none of these costs is legally taxable." (DE 697 at 1.)

### i.  Deposition transcripts

Citing *Swan Lake Holdings, LLC v. Yamaha Golf-Car Co.*, No. 3:09-CV-228, 2011 U.S. Dist. LEXIS 52395 (N.D. Ind. May 13, 2011), Plaintiffs begin with the Town Defendants' deposition-transcript costs. That case offers no support for Plaintiffs' argument that the deposition costs were unnecessary, because the losing party in it conceded that the deposition-transcript expenses were taxable. *Id.* at *4. Plaintiffs have urged that the Town Defendants' expenses for depositions were unnecessary because the Town Defendants did not rely on all of

the depositions in the summary-judgment process. Of course, that isn't the test. The Seventh Circuit already rejected Plaintiffs' argument in *Cengr*, 135 F.3d at 455.

Next, Plaintiffs assert the Town Defendants' "depositions were taken and ordered for their convenience" or "little more than the purpose of 'running the meter'" because insurance covered their defense. (DE 697 at 2.) Some of that is mere hyperbole, rather than legal argument. Either way, Plaintiffs did not show that any particular deposition was less than "'reasonably necessary' to the case at the time it was taken." *Cengr*, 135 F.3d at 455 (so stating the standard).

Plaintiffs' other case, *Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, No. 1:08-CV-173, 2010 U.S. Dist. LEXIS 95824 (N.D. Ind. Sept. 13, 2010), does not suggest a different result, either. In *Treat*, the question wasn't the necessity of merely transcribing depositions; it was whether the prevailing parties needed to have them not only transcribed, but also recorded on video. *Id.* at *7–13. Part of the opinion noted that the strength of a party's inherent incentive to avoid unnecessarily spending its own money depends on its wealth. *Id.* at *11–12. Likely that is the reasoning Plaintiffs intended to rely on; they may see a parallel with the Town Defendants' insurance coverage. Because Plaintiffs failed to point the Court to any particular part of the opinion, however, the Court can only surmise. Yet the *Treat* court's basis for declining to award the cost of the video recordings was not an insurance policy, or even the prevailing parties' relative wealth; rather, it was the finding that the prevailing parties did not need a video record. *Id.* at *13.

By contrast, here the record shows the transcripts were necessary. Plaintiffs vigorously prosecuted this case, filing a plethora of their own motions for summary judgment. The Town Defendants, like Warmelink, had a big fight on their hands that made extensive discovery

7

reasonably necessary. And they can hardly be faulted for deposing the Plaintiffs, who made the choice to proceed as a group of twenty-one.

Evidence of the deposition transcripts' necessity includes also a sworn declaration from the Town Defendants' attorney, Michael Rappa, that all of the costs he billed were "necessarily incurred." (DE 625 at 1.) The Town Defendants further supported their claim to deposition-transcript expenses with a witness-by-witness list (*id.* at 3–5) and invoices from the various reporters who performed the work. All of this, together with the record of the fervor of this litigation, exposes as inaccurate Plaintiffs' claim that the Town Defendants have "not provided this court with any indication that the deposition costs were 'reasonable, much less necessary.'" (DE 697 at 2.)

The Court finds that the intensity of this litigation made the Town Defendants' billed deposition-transcript costs "reasonably necessary," *Cengr*, 135 F.3d at 455, with one small exception. The $314.05 the Town Defendants seek for the transcript of Thomas Burke's deposition (DE 625 at 3) includes a $30.00 late fee (DE 625-1 at 8), which the Court attributes to an oversight. The Court therefore awards the Town Defendants $29,027.96 in deposition-transcript costs, an expense that falls within 28 U.S.C. § 1920(2).

ii. Witness fees

The Town Defendants billed as fees for witnesses (DE 625 at 1) $250 for Emory Christian and $800 for Jorge Gloger to appear for depositions. (*Id.* at 3.)

According to the second exhibit to the Town Defendants' Bill of Costs, Christian's payment was "for reimbursement of travel costs related to her attendance at her deposition." (DE 625-2 at 1.) Expenses of this nature can be recoverable. 28 U.S.C. §§ 1821(c)(4), 1920(3) (2006); *Majeske*, 218 F.3d at 825–26.

Plaintiffs have not challenged Rappa's declaration of necessity with countervailing evidence, but argue that "[t]he Court in *Swan Lake HoldingsLLC* [*sic*] . . . squarely held that witness fees to depose opposing side's [*sic*] expert and witnesses are not taxable." (DE 697 at 2–3.) This characterization overstates at least the scope of the pertinent statements in that case. *See Swan Lake Holdings*, 2011 U.S. Dist. LEXIS 52395 at *5–6 (collecting district-court cases concluding adversaries' *expert* witnesses' fees are not recoverable and declining to award those expenses). Christian was not an expert witness, so *Swan Lake Holdings* does not foreclose reimbursement of her expenses. (Plaintiffs did not reveal what part of that case they think prevents this recovery.) And Plaintiffs do not challenge the necessity or reasonableness of this expense; indeed, the Town Defendants remitted their payment to Christian through Plaintiffs' counsel. (DE 625-2 at 1.) For these reasons, the Town Defendants recoup the $250 paid to Emory Christian. *See* 28 U.S.C. §§ 1821(c)(4), 1920(3); *Majeske*, 218 F.3d at 825–26 (authorizing this reimbursement).

Gloger, unlike Christian, was an expert witness for Plaintiffs. (DE 625-2 at 2, DE 697 at 2.) The Town Defendants' supporting evidence of the $800 payment to him leaves open the possibility that the payment far exceeded the $40 per day allowed under 28 U.S.C. § 1821(b), "plus travel and subsistence." *Chi. Coll. of Osteopathic Med. v. George A. Fuller Co.*, 801 F.2d 908, 910 (7th Cir. 1986). Moreover, district courts generally do not award the fees of an adversary's expert witness as costs. *Swan Lake Holdings*, 2011 U.S. Dist. LEXIS 52395 at *5–6. Therefore, the Town Defendants do not recover their payment to Gloger; they will receive a total of $250 under 28 U.S.C. § 1920(3).

### iii.  Photocopying charges

Next, the Town Defendants bill $12,818.87 as "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

9

(DE 625 at 1.) *See* 28 U.S.C. § 1920(4) (2006) (allowing recovery of this cost category). It remains unclear whether, to be recoverable, the underlying copies must have been intended for the court. *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). Either way, while a prevailing party must enable the Court to conduct a meaningful review, it need not "submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

Plaintiffs object that the Town Defendants failed to document the purpose of the copies, providing only the per-page cost and total dollar amounts. (DE 697 at 3.) The factual premises of Plaintiffs' argument are true—for all its volumes, the Town Defendants' Bill of Costs does not even hint at the nature of the originals, how many reproductions of each were made, who the intended recipients were, or what necessitated so much copying. (DE 625 at 55–152.)

On the other hand, the Seventh Circuit has upheld a prevailing party's recovery of copying costs on review for abuse of discretion, even though the party had "failed to identify any document copied, the number of copies made of each original, or the copying cost per page." *Northbrook Excess*, 924 F.3d at 643. Yet the mere decision that one particular such award of copying costs was not an abuse of discretion falls far short of a mandate to grant all requests for these costs, no matter how poorly documented.

Maintaining a very basic description of the purpose of so much photocopying would not have made it impossible to recover these expenses economically. To be clear, the Court is not requiring—or inviting—voluminous or highly detailed justifications of photocopying. The problem here is simply that the Town Defendants provided too little for any meaningful review

of reasonableness. Nevertheless, the Court recognizes that the nature of this litigation would tend to make extensive copying reasonably necessary.

Balancing that consideration against the dearth of evidentiary support for the billed photocopying expenses, the Court awards the Town Defendants approximately one-third of their claimed copying costs. *Cf. Swan Lake Holdings*, 2011 U.S. Dist. LEXIS 52395 at *10 (awarding half of the billed copying costs in the face of uncertainty over the purpose of the copies and citing *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 980 (N.D. Ill. 2010)). This compensates the prevailing Town Defendants for copying that surely was necessary, while protecting Plaintiffs from a large but scarcely substantiated photocopying bill, the reasonableness of which could not be ascertained from existing records. Accordingly, the Town Defendants recover $4,300 in photocopying expenses, not the $12,818.87 sought.

### iv.  Miscellaneous expenses

And finally there are the manifold charges the Town Defendants (tellingly) struggled to place within the § 1920 categories. (*See* DE 625 at 1 (omitting these expenses).) They make up the difference of $11,430.85 between the sum of the amounts actually listed on the first page of the Bill and the $54,357.68 "total" stated there:

- Postage/Overnight Delivery Service:   $433.79
- Telephone Toll Calls:   $185.40
- Westlaw Service:   $4,003.36
- Travel Costs:   $188.30
- Expert Costs:   $6,620.00

The Town Defendants failed to show that any of these expenses falls within a category of recoverable costs defined by § 1920, so the Town Defendants do not recover them. Reminder: there are no recoverable costs but those delineated in § 1920. *Crawford Fitting*, 482 U.S. at 441; *Cefalu*, 211 F.3d at 427.

11

The Town Defendants did not address Plaintiffs' objections to the above expenses, except to argue that their expert-witness charges "are allowable under 28 U.S.C. § 1988(c)." (DE 704 at 3.) (The Court assumes the Town Defendants intended to refer to title 42, not title 28, which contains no section 1988.) Section B.2.a., above, adequately details the basis for the Court's rejection of that argument. Similarly, the Town Defendants should have been aware that expenses for computerized legal research are recoverable, if at all, as attorneys' fees, not costs. *Haroco, Inc. v. Amer. Nat'l Bank and Trust Co. of Chi.*, 38 F.3d 1429, 1440–41 (7th Cir. 1994).

In summary, then, the Town Defendants recover the following costs, for a total of $33,577.96:

- Deposition transcripts, § 1920(2):     $29,027.96
- Witnesses' travel, §§ 1821(c)(4), 1920(3):     $250.00
- Copies, § 1920(4):     $4,300.00

### c. Warmelink's Bill

For his part, the Town's engineer, John Warmelink, seeks to recover $61,911.62 in total costs, of which he attributes $51,424.16 to expert-witness fees; the rest stem from deposition transcripts. (Warmelink's Bill of Costs, DE 628, at 1.) As noted above, he cannot recoup as costs expert-witness fees for nontestimonial work.

But deposition-transcript expenses are available for recoupment under § 1920(2). And Warmelink's attorney has declared under penalty of perjury that those expenses "were necessarily incurred and that the services for which fees have been charged were actually and necessarily performed." (*Id.* at 1.) His Certification explains further that "each deposition was of an individual who was a potential witness for trial," and that he used portions of many of them in his summary-judgment motions. (*Id.* at 3–4.) Given the extensive nature of this litigation,

described above, the Court finds Warmelink's deposition-transcript expenses were reasonable. He therefore recovers $10,487.46 for those.

The small item from Warmelink's Bill that requires further attention here is the September 11, 2009, invoice from Christopher B. Burke Engineering, Ltd. (*Id.* at 53.) Warmelink attached it as an exhibit to his Bill of Costs; it includes the following description: "Services included preparation of and [*sic*] deposition." (*Id.*) The Court interprets that to mean Warmelink's expert gave deposition testimony, and Warmelink may recover $40 per day for that work. 28 U.S.C. § 1821(b); *see also Crawford Fitting*, 482 U.S. at 440–45 (discussing § 1821(b)'s limitation, then a $30-a-day cap). Warmelink did not submit evidence of the number of days. Thus, the evidence supports an award of $40, but not more, for Warmelink's expert's time testifying in this case. Warmelink therefore recovers $40 under § 1920(3).

In total, the Court awards Warmelink $10,527.46 in reimbursable costs.

### C.  Conclusion

Plaintiffs' Objections (DE 697, 698) are therefore **SUSTAINED IN PART AND OVERRULED IN PART**, as detailed above. The **Town Defendants RECOVER $33,577.96** on the basis of their Bill of Costs (DE 625); **Warmelink RECOVERS $10,527.46** on his Bill (DE 628).

**SO ORDERED** on March 9, 2012.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
